## BENJAMIN P. JONES vs. ROBERT C. RUSSELL.

An inquest may be taken at the circuit as formerly, (Rule 31.) The code has not changed the practice in this respect.

The affidavit verifying an answer, is not an affidavit of merits; and will not prevent an inquest at the circuit. A Defendant may swear to the truth of his answer without believing he has a defence on the merits.

*Albany Circuit, Dec. 5, 1848.*—Before PARKER, Justice.—This was an action commenced under the Code of Procedure. An answer had been put in and the cause was on the calendar for trial. No affidavit of merits having been filed, the Plaintiff at the opening of court on the second day of the circuit asked leave to take an inquest in the suit out of its order on the calendar.

J. NEWLAND, for Plaintiff, stated to the court, that there had been some doubts expressed as to the right to take an inquest under the present practice, and asked the court to say what practice would be adopted.

PARKER, Justice.—I understand the code has not changed the practice as to taking inquests at the circuits. The 31st rule of this court, adopted

in July, 1847, has not been abrogated by any subsequent legislation. On the contrary, it is declared by § 389 of the code, that where "the present rules and practice of the courts" are consistent with that act, they shall continue in force, subject to the power over the same of the respective courts.

It is no good reason for dispensing with an affidavit of merits at the circuit, that there was an affidavit verifying the answer. That affidavit only serves the purpose of completing the answer as a pleading.

The affidavit annexed to the answer proves no merits in the defence. It is made *on belief* only, and may be sworn to by the party, his agent or attorney. Under the late practice, the affidavit verifying a plea was much more substantial and satisfactory in form, but it was held that it did not dispense with an affidavit of merits at the circuit. (*Cutler* v. *Briggs*, 2 Hill, 409.) A Defendant may swear to the truth of his answer without believing he has a defence on the merits.

The Plaintiff is, therefore, at liberty to take an inquest.