SMITH v. STEELY *et al.*

Mortgages: WANT OF CONSIDERATION: COMPOUNDING FELONY. A mortgage given to secure the payment of money alleged by the mortgagees to have been embezzled from them by the mortgagors' son while in their employment, upon the promise of the mortgagees that they would desist from a criminal prosecution which they would otherwise institute against the son, was invalid, whether the son was guilty or not; for, if guilty, the consideration was illegal, and, if not guilty, there was no consideration whatever for the mortgage.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, JUNE 5, 1890.

ACTION to foreclose a mortgage. The defendants, Rees & Co., set up a junior mortgage. There is no controversy as to plaintiffs' mortgage and a judgment held by another defendant. The sole contest is over Rees & Co.'s mortgage; the mortgagors, Steely and wife, insisting that it is invalid, and should not be enforced. By the final decree, Rees & Co.'s cross-bill, setting up the mortgage, was dismissed. They now appeal to this court.

Smith v. Steely.

*W. J. Roberts*, for appellants.

*D. F. Miller, Sr.*, and *W. B. Collins*, for appellee.

BECK, J.—I. The defendants, Steely and wife, as a defense to the cross-bill of Rees & Co., plead that the mortgage sought to be enforced in the cross-bill was given by them under these circumstance: The son of defendants had been in the employment of Rees & Co., who claimed he had misappropriated and embezzled a large sum of money coming into his hands in the course of his employment, and that unless they at once secured the payment of the money alleged to have been misappropriated their son would be prosecuted by criminal proceedings instituted against him. The desire of defendants to prevent a criminal prosecution against their son, and the promise of Rees & Co. that he should not be prosecuted, constituted the sole consideration and inducement for the execution of the notes and mortgage in suit.

II. In our opinion, the evidence supports these allegations of defendants' answer. It is established by the evidence that defendants, Steely and wife, owed Rees & Co. nothing, and that no consideration whatever existed other than the promise of Rees & Co. not to prosecute their son. There was no other inducement for the execution of the notes and mortgage than the desire of the mortgagors to prevent a criminal prosecution against their son. As to these facts we think there can be no dispute.

III. It plainly appears from these facts that the notes and mortgages are wholly without consideration. It will not be claimed that a promise to prevent a criminal prosecution, which is threatened to induce the payment of money alleged to have been embezzled, will support a promise to pay money. This point demands neither discussion nor authorities for its support.

IV. We need not inquire into the soundness of the position of Rees & Co.'s counsel to the effect that,

to support the defense set up by Steely and wife, it must be shown that the son had in fact embezzled, as charged by Rees, for the reason that there can be no compounding of a felony unless a felony has been committed. We think, to support Steely's defense, it is not necessary to establish that the son was guilty of embezzlement. Whether he was or was not, the result would be the same. If he was guilty, it must be conceded that Rees & Co., under the facts, were guilty of compounding a felony, and the notes and mortgages are, therefore, void, as being made in the commission of an offense. If he was not guilty, they are without consideration, for the reasons above stated, and cannot be enforced. These considerations lead us to the conclusion that the decree of the district court ought to be

AFFIRMED.