# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF NORTH DAKOTA

---

HERMAN P. GAUTHIER *vs.* FELIX RUSICKA.

Opinion filed June 4th, 1892.

**Vacation of Judgment—Failure to File Affidavit of Merits.**

> It is error to vacate a Judgment, under § 4939, Comp. Laws, where defendant fails to make an affidavit of merits, his answer not being verified.

Appeal from District Court, Walsh County; *Templeton*, J.

Action by Herman P. Gauthier against Felix Rusicka to recover for services as physician and surgeon. Judgment for plaintiff. From an order vacating the judgment, plaintiff appeals.

Reversed.

*D. W. Yorkey*, (*McLaughlin & Morrison*, of counsel,) for appellant. No brief filed for respondent.

CORLISS, C. J. The appeal is from an order vacating a judgment. The motion was made on the ground of surprise to defendant. The complaint was verified. The answer was not verified, but was received by plaintiff without objection. The case being at issue on the calendar of the District Court in and for the County of Walsh, the defendant failed to appear when the cause

N. D. R.—I.

was reached for trial, and the plaintiff, after proving his case, re-covered judgment. Defendant was represented by his attorney at the time plaintiff proved his case. Subsequently, on motion of defendant, the court vacated this judgment. In this we think the court erred. Without considering whether the defendant, by his motion papers, made out a case to warrant the court in vacating the judgment, under the statute, (§ 4939, Comp. Laws,) it is elementary that the moving party must disclose merits, or the motion will be denied. He is in default, and the court will relieve him only in furtherance of justice. It is not even sufficient that he has a legal defense. If it is only technical in its character,—if it is unconscionable, repugnant to fair dealing,—the court will not grant him any indulgence. 1 Black, Judg. §§ 348, 349. The de-fendant did not present any affidavit of merits, nor was its place supplied by a verified answer. It is true that plaintiff accepted the answer without verification. But by this act he did not admit that defendant had a meritorious defense. He simply waived his right to insist on a verified answer as essential to put in issue the allegations of his complaint for the purposes of a trial, so long as defendant could stand on his legal rights. The question which the court is to determine on such a motion is whether there are merits on behalf of the defendant. The burden is on defendant to show this *prima facie*, and this he must do under oath. The answer is not verified. The affidavits used on the motion merely recite that an answer has been filed, setting up a certain defense. They do not attempt to support that defense under oath. They refer to it historically. They merely assert that it has been em-bodied in an answer. Whether it actually exists, they in no man-ner disclose. It is doubtful whether a verified answer would ob-viate the necessity of an affidavit of merits. There is much authority in support of the view that it will not, and the reasoning on which this doctrine stands is by no means destitute of force. See Id. § 347; Freeman Judg. § 108; *Jones* v. *Russell*, 3 How. Pr. 324; *Mowry* v. *Hill*, 11 Wis. 146. In *Town of Omro* v. *Ward*, 19 Wis. 232; the court regarded this rule as abrogated by statute in

that state, but the court was careful to assert that there must be a verified answer in such a case. "It is insisted that the judgment should not have been set aside, without an affidavit of merits accompanying the motion. Such an affidavit, on taking a default, was formerly held to be indispensable, [citing cases,] but probably the practice has been changed in this respect by chapter 211, laws of 1861, where the answer itself shows merits and is verified." As supporting the rule requiring an affidavit of merits, see 1 Black, Judg. § 347; Freeman Judg. § 108, and cases cited; *Parrott* v. *Den*, 34 Cal. 80; *Bailey* v. *Taaffe*, 29 Cal. 422; *Ice Co.* v. *Schlenken*, (Minn.) 52 N. W. Rep. 219. The order vacating the judgment is reversed. All concur.