## LOTTIE E. KEENEY v. CITY OF FARGO.

Opinion filed October 2, 1905

**Setting Aside Judgment — Moving Promptly.**

1. To warrant a court in setting aside a judgment upon a showing of surprise under section 5298, Rev. Codes 1899, the party must move promptly, and within one year after notice.

**Same.**

2. In cases of motions to set aside judgments not within the provisions of section 5298, Rev. Codes 1899, the party seeking relief must move seasonably.

**Same — Discretion of Court.**

3 In applications for relief under section 5298, Rev. Codes 1899, trial courts are vested with large discretion, and their action will not be disturbed unless such discretion has been abused.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Lottie E. Keeney and Patrick Devitt against the city of Fargo. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*Seth Newman,* for appellant.

The action of the city attorney in disclaiming all interest in the land, the title to which it was sought to quiet, was beyond his au-. thority. This authority is no greater than of any other attorney with reference to his client's business in a civil action. People v. Mayor, 11 Abb. Pr. 66; Bush v. O'Brien, 164 N. Y. 205, 58 N. E. 106; Stone v. Bank of Commerce, 174 U. S. 413.

His general power extends to the conduct of the case and to the remedy, not to the release, compromise or settlement thereof. Gaillard v. Smart, 6 Cowan, 385; Shaw v. Kidder, 2 How. Pr. 244; Ex parte Holbrook, 5 Cowan, 35; Holker v. Parker, 7 Cranch, 436 (3 L. Ed. 496); Nozan v. Jackson, 16 Ill. 472; House v. Murray, 11 Johnson, 464; Lewis v. Gamage, 1 Pick. 347; Barrett v. Third Ave. R. R. Co., 45 N. Y. 628.

The motion is not upon "mistake, inadvertance or inexcusable neglect," and not, therefore, within section 5298, Rev. Codes 1899. Sav. & Loan Society v. Thorne, 67 Cal. 53; Mace v. O'Rielly, 70 Cal. 231.

If the judgment was collusively obtained, or entered irregularly and without authority, it should be vacated as a matter of right. People v. Mayor, 11 Abb. Pr. 69.

*F. B. Morrill* and *S. G. Roberts,* for respondent.

If the motion is under section 5298, Rev. Codes, it is barred by the limitation of time therein, and should be quashed, as not made within one year after notice of the judgment. This notice need not be in writing. Minn. Mfg. Co. v. Holz et al., 10 N. D. 16, 84 N. W. 585.

Vacating a judgment by motion is of statutory origin, and a statutory ground must exist, or resort must be had to a direct action for the purpose. Kitzman v. Minn. Mfg. Co., 10 N. D. 26, 84 N. W. 581; Jacks v. Baldez, 97 Cal. 91, 31 Pac. 899; Artope v. Backes, 74 Ga. 462; Hall v. West Pub. Co., 180 Pa. St. 561; Germantown Brewing Co. v. Booth, 162 Pa. St. 100; Yates v. Gridley, 16 S. C. 500; also Gromes v. Hawley, 50 Fed. 319; in the matter of the estate of Hudson, 63 Cal. 454; Dean v. Sup. Ct., 63 Cal. 473; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.

A client is bound by the action of his attorney, even if the latter knows that his client has a good defense, and client must look to the attorney for redress. Hudson v. Allison, 54 Ind. 215; Thompson v. Pershing, 86 Ind. 303; Devenburgh v. Vifer, 29 N. E. 923; Holmes v. Rogers, 13 Cal. 191; Suydon v. Pitcher, 4 Col. 281;

Beverly v. Stephens, 17 Ala. 701; Williams v. Simmons, 7 S. E. 133; Dockman v. City, 26 La. Ann. 302; Sypert v. McClane, 22 Pa. St. 195; Foster v. Wiley, 27 Mich. 244.

A municipality is bound by the acts of its city attorney as far as procedure is concerned, the same as an individual by his lawyer. Adams School Twp. v. Irwin, 49 N. E. 806; Cicero Twp. v. Pickens, et al., 23 N. E. 763; East St. Louis v. Pickens, 102 Ill. 453; State v. Elgin, 11 Iowa, 216; Welch et al. v. Challen, 3 Pac. 314; Dick v. Williams, 58 N. W. 1029.

MORGAN, C. J. This is an appeal from an order of the district court of Cass county denying an application to set aside a judgment and refusing leave to answer in the action. The action was commenced by a personal service of a summons and complaint on September 12, 1899. An amended complaint was served and filed on January 25, 1900. The cause of action stated in the amended complaint is that the plaintiffs are the owners of the lots therein described, and that the city of Fargo claims some interest therein adversely to the plaintiffs. The relief demanded is that the defendant be adjudged to have no rights or interest in the lots, and that the title to the same be forever quieted in the plaintiffs. After the service of the amended complaint the city attorney served an answer in which the city disclaimed any interest whatever in any of the lots described in the complaint or in any portion thereof. On April 17, 1900, the action was brought on for trial, at which no one appeared for the defendant. Later the court made findings of fact and conclusions of law in the action to the effect that plaintiffs owned the lots in question, and that the city had no interest therein, and that the plaintiffs were entitled to judgment quieting the title to said lots in them. On June 12, 1900, judgment was entered pursuant to and in accordance with said findings of fact and conclusions of law. On February 8, 1904, the defendant procured an order to show cause returnable on March 1, 1904, why said judgment should not be set aside and the defendant permitted to serve an answer in the cause. The application to open up the judgment is regular in every respect, and is based on affidavits, to which are attached or added a verified answer setting forth a valid defense, and also an affidavit of merits. On March 24, 1904, the court denied the motion to set aside the judgment, and on March 25th the defendant appealed from the order denying that motion.

The defendant contends that the city attorney had no authority to serve a disclaimer, and that in so doing he sacrificed the city's

interests, and that in consequence of his unauthorized act the city is entitled to have the judgment vacated, with leave to interpose a defense as a matter of right. It is further contended that the application to vacate the judgment is not made under section 5298, Rev. Codes 1899, and that in consequence thereof the fact that the application was not made within one year is not material. Whether the city attorney could bind the city by interposing a disclaimer of any interest in the lots simply by virtue of being the attorney of the city, and without express authority from the city authorities, we shall not attempt to determine. Conceding that he had no such authority, we agree that the judgment should not be set aside as the city has not moved to set aside the same promptly after notice of its existence. It is not claimed that written notice of the entry of that judgment was ever served, but the city authorities had knowledge that such judgment had been rendered for more than two years before this application was made, and by its acts acquiesced in the judgment and instituted proceedings to condemn, for the use of the city, the lots embraced in the judgment now attempted to be set aside. As stated, the judgment involved on this appeal was rendered on June 12, 1900. In December, 1901, the city council instructed the city attorney to institute an action against the owners of these lots, the plaintiffs in this action, for the condemnation of these lots to the use of the city, and such action was commenced and proceeded to judgment. The city attorney appeared for the city in the condemnation proceedings. The judgment was thereafter set aside by the district court, and such order afterwards affirmed in this court. 11 N. D. 484, 92 N. W. 836. These condemnation proceedings are a conclusive foundation for the fact that the city had notice of the judgment sought to be set aside by this appeal. The city authorities must be presumed to have knowledge of what property the city owns and its rights thereto. By ordering condemnation proceedings, the city council must have known that, if the city ever had rights to the lots in question, such rights had been lost to the city or the condemnation proceedings could not have been deemed necessary. The city attorney, in prosecuting the condemnation proceedings, must have been aware of such judgment at that time, although he was not the city attorney that appeared for the city in the suit to quiet the title to these lots. The record further shows that these lots had never been listed for taxation before that action had been terminated, and that they were listed for taxation against

the present plaintiffs immediately after its termination by judgment. These facts alone, without reference to others having an indirect bearing on the question, are ample to show that the city had knowledge of this judgment for more than two years before any effort was made to set it aside.

There is no sufficient showing to excuse the long delay before attacking the judgment as having been rendered through the alleged unauthorized act of the city attorney in serving a disclaimer, instead of an answer setting up a defense on the part of the city. It is contended by the appellant that the provisions of section 5298, Rev. Codes 1899, have no application to this proceeding. That section provides: "That this court * * * may also in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, * * * taken against him through his mistake, inadvertence, surprise or excusable neglect," etc. Whether or not said section has any proper application, it is unnecessary for us to decide. In cases wherein said section does apply, the defendant must act promptly and within a year after knowledge of the entry of the judgment. Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381, 61 L. R. A. 746. Courts have a wide discretion relating to granting or withholding relief in such cases, which will not be disturbed, except on a showing of an abuse of discretion. Nichells v. Nichells, 5 N. D. 125, 64 N. W. 73, 33 L. R. A. 515, 57 Am. St. Rep. 540; Smith v. Wilson, 87 Wis. 14, 57 N. W. 1115. If it be conceded that section 5298 is not applicable to the facts of this case, it would not better the defendant's position. If the city was at one time entitled to relief as a matter of right, as claimed by it, the remedy has been lost by not acting seasonably after notice of the judgment. Nichells v. Nichells, supra. In no event can it be held that the defendant is entitled to the relief sought after the long delay.

The order is affirmed. All concur.