(107 N. W. 969.)

---

## W. A. MARIN v. C. A. POTTER.

Opinion filed May 10, 1906.

**Process — Impeachment of Return of Service — Mere General Denial Insufficient.**

> A mere general statement in an affidavit by the defendant that the summons and complaint were not personally served on him is not sufficient to overcome the proof of service afforded by an affidavit of service in regular form.

Appeal from District Court, LaMoure county; *Burke, J.*

Action by W. A. Marin against C. A. Potter. Judgment for plaintiff. From an order granting application to open default, plaintiff appeals.

Reversed, with directions to reinstate the judgment.

*W. J. Mayer,* for appellant.

Proof by affidavit can only be made by a statement of facts from which the ultimate conclusion may be drawn. 1 Enc. Pl. & Pr. 322; Noble v. Kreuzhamp, 111 Pa. St. 68; Bank v. Loucheim, 8 N. Y. Supp. 520; Thompson v. Best, 4 N. Y. Supp. 229; Powell v. Kane, 5 Paige, 265; Duanesburgh v. Jenkins, 40 Barb. 574.

*M. C. Lasell,* for respondents.

An affidavit denying personal service was not submitted to attack the jurisdiction but to show that respondent had no notice of the entry of judgment.

ENGERUD, J. This is an appeal by plaintiff from an order granting defendant's application to open a default judgment and serve an answer.

The judgment appears to have been regularly entered. The complaint is in the usual form for the recovery of the sum due in two promissory notes executed by defendant. The affidavit of service attached to, and filed with, the summons and complaint, is regular in form and shows that the summons and complaint were served upon the defendant personally in LaMoure county, on September 11, 1903, by handing to and leaving with the defendant true copies of said papers. On the margin of this affidavit appears a notation in the following words: "He would not accept the papers, and he dropped the summons and complaint on the ground." This notation is clearly no part of the affidavit, but a mere memorandum made on the margin by the party who made the service and affidavit. Even if treated as part of the affidavit it does not detract from the sufficiency of the service shown by the affidavit. On the contrary, it shows that the papers were handed to the defendant, and the latter saw fit to ignore the service by dropping the papers on the ground. That this was the fact is shown by the affidavit of Mr. Bakke, who made the service, which affidavit was presented to the court in plaintiff's behalf in opposition to the motion. This affidavit shows in detail what took place when the service was made. It shows that said Bakke demanded payment of the notes and reinforced his demand by threatening the defendant with a lawsuit to enforce payment. On defendant's refusal to settle, the summons and complaint were handed to defendant by Bakke, who at the same time stated what they were. The defendant there-

upon threw them upon the ground. If the service was made by Mr. Bakke as stated in the original affidavit of service and further explained in his second affidavit, filed in opposition to the motion, then clearly there was a good service. There is no contradiction of these affidavits, except the following generalization in the defendant's affidavit: "Affiant further deposes and says that no personal summons and complaint was ever made upon him, and that he had no knowledge of the pendency of this action until the above-described notice was received." The notice referred to was one mailed to defendant by plaintiff's attorney a few days before the date of defendant's affidavit.

Such a general statement is evasive and wholly insufficient to prove that the affidavit of service was false. The defendant contents himself with stating his conclusion that there had been no personal service. His ideas of what constitutes such service may be utterly erroneous. He does not state the evidentiary facts upon which he bases his denial of service, and he does not attempt to explain or deny the facts and circumstances sworn to by Mr. Bakke. Moreover his application to be permitted to answer on the ground of "excusable neglect," in failing to know that the action was pending is inconsistent with his assertion that there had been no service. We must hold, therefore, that the proof of service is not overcome, and the service shown is regular. The defendant offered no excuse for his failure to appear and answer in response to the summons except the assertion (if that may be termed an excuse) that he was not served with the summons. Having failed to prove the only ground relied on for relief, his motion should have been denied.

The order is reversed, with directions to deny the motion and reinstate the judgment. All concur.