H. E. HUNT v. O. M. SWENSON AND MINNIE SWENSON.

Opinion filed May 31, 1906.

**Judgment — Setting Aside Default — Grounds.**

Evidence examined, and *held* insufficient to warrant relief from a default judgment.

Appeal from District Court, Barnes county; *Burke, J.*

Action by H. E. Hunt against O. M. Swenson and Minnie Swenson.

From an order vacating a default judgment, plaintiff appeals.

Reversed.

*Turner & Wright,* for appellant.
*Lee Combs,* for respondents.

ENGERUD, J.   Plaintiff has appealed from an order vacating a default judgment and permitting the defendant to answer. The action was brought to recover $747 and interest, the balance of an account alleged to be due to plaintiff from defendant for plaintiff's services as a physician. The summons was served on the defendants personally in September, 1905. Judgment by default was entered November 28, 1905, more than 60 days after the service of the summons. The proceedings were regular in all respects. On December 6, 1905, an execution was issued on the judgment, and levied on defendants' property. A month after the execution levy, defendants served notice that they would apply to the court to vacate the judgment and for leave to answer the complaint. The application was made under section 5298, Rev. Codes 1899, which provides, among other things, that the court may, "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment order or other proceedings taken against him through his mistake, inadvertance, surprise, or excusable neglect." The application is supported by the joint affidavit of the two defendants who are husband and wife. They depose that on the day the summons was served, they handed the same to one I. J. Moe of Valley City, who, they aver, represented himself to them to be a lawyer, and whom they believed to be such; "that said Moe promised and agreed to give the matter attention and do what was necessary to either settle the matter or prepare and serve an answer in the cause." They paid him at the time $10 as a retainer. Said Moe was not, and never has been, an attorney. Moe made no appearance or answer for them. They aver that they relied upon this promise to appear and answer for them in the cause and believed that he had done all things necessary to protect their interests in said action, and they depose that

Moe subsequently told them that he had done so, and they did not know that judgment had been taken against them until they received the notice of levy. In short, they aver that their failure to answer was caused by Moe's deceit without fault on their part. Their proposed answer was served with the notice and an affidavit of merits in due form was included in the affidavit excusing their default.

It will be noticed that the defendants delayed 30 days after receiving notice of the execution levy before seeking relief and they offer no explanation of this delay. The regular term of court at which this action should have been tried had there been an answer in proper time, commenced December 11, 1905, five days after they admit that they knew of the judgment. In opposition to defendants' motion, the plaintiff presented the affidavits of I. J. Moe, A. P. Paulson and E. H. Wright, respectively. Moe's affidavit admits that the defendant, Mr. Swenson, handed him the summons and complained about the time it was served, and paid him $10. He denies that he represented himself to be an attorney or that he agreed to prepare and serve an answer. He alleges that Mr. Swenson desired him to try to effect a settlement and failing in that, to get a lawyer to interpose a defense; that Swenson said he did not know any lawyers. Moe swears that he tried to effect a settlement with plaintiff's attorney, Mr. Wright, but the latter declined to accept the proposed settlement. Moe further swears that he then handed the papers to Mr. Paulson, a practicing attorney in Valley City, and the latter agreed to correspond with Mr. Swenson in regard to the matter; that Paulson subsequently told him that he had obtained an extension of time to answer and had written to Swenson but had received no reply. Moe deposes that Swenson afterwards stated to him that he had heard from Paulson, and that if it was going to cost as much as Mr. Paulson wanted for attorney's fees, he might as well let the plaintiff have his judgment. Mr. Paulson, in his affidavit, states that he received the papers from Moe, as stated by the latter; that he secured from Mr. Wright a promise of an extension of time to answer so as to give him time to communicate with defendants; that he wrote and mailed a letter to Swenson, stating that he would appear as requested by Mr. Moe, provided Swenson paid him a certain sum as a retainer; that he waited several weeks, but received no answer to his letter, and finally told Mr. Wright that he would not appear

in the case. Mr. Wright's affidavit corroborates Moe's and Paulson's statements as to their respective transactions with him. He says he agreed to Mr. Paulson's request for an extension of time to answer on the condition that if an answer was interposed, it should be done early enough so the case could be tried at the December, 1905, term. After waiting· until November 28, 1905, he caused the judgment to be entered.

The defendants did not present any affidavit explaining or denying either of these affidavits. As to Moe's affidavit, it may not, perhaps, have been necessary as Moe's statements were in effect denied by defendants' original affidavit. But Mr. Paulson's affidavit was left undisputed and unexplained. If that affidavit is true, it convicts the defendants of willful abandonment of their right to defend. There is no reason for questioning the truth of that affidavit. If defendants had not received Mr. Paulson's letter, it was their duty to come forward, and say so under oath. The burden was on them to excuse their failure to answer in time, and although the affidavit of Mr. Paulson may be open to the technical objection that it does not state specifically the address written on the envelope, the defendants are not in a position to urge such a technicality under the circumstances of this case. If they had denied the receipt of the letter, the objection could have been made with good grace. In view of the strong showing made by the opposing affidavits, it was certainly incumbent on the defendants to offer some explanation or denial. The absence of any such denial or explanation and the unexplained delay from December 6, 1905, until January 6, 1906, constrains us to hold that the defendants have failed to make a showing sufficient to warrant the trial court in holding that the defendants were excusably negligent.

The order appealed from will be reversed. All concur.