(112 N. W. 972.)

---

COLEAN MANUFACTURING COMPANY v. M. L. FECKLER, ET AL.

Opinion filed July 18, 1907.

**Judgments — Setting Aside Default — Terms.**

> Trial courts are vested with a broad discretion in relieving parties from defaults taken against them and in imposing term costs as a condition to such relief; but under the facts in this case it was an abuse of discretion to impose upon plaintiff the payment of $100 terms as a condition to relieving it from a default judgment taken against it. Order modified, to the extent of requiring the payment of only the statutory costs and disbursements properly taxable in default cases.

Appeal from District Court, Barnes county; *Burke, J.*

Action by the Colean Manufacturing Company against M. L. Feckler and others. From that portion of an order imposing costs as a condition to vacation of the default judgment against plaintiff, he appeals.

Modified.

*Turner & Wright,* for appellant.
*Parks & Olsberg,* for respondents.

FISK, J. This is an appeal from that portion of an order made by the district court of Barnes county on January 2, 1907, imposing term costs of $100 on plaintiff as a condition to the vacation of a default judgment theretofore taken against the plaintiff; appellant's contention being that this portion of the order was an abuse of discretion. The facts, as stated in appellant's brief and conceded to be correct by respondents' counsel, are as follows: On December 22d, being a regular day of the December term, the case was called for trial and defendants appeared in person and by their attorneys, Parks & Olsberg. The plaintiff did not appear either in person or by attorney, and a jury was impaneled and sworn to try the cause, and the jury returned a verdict in favor of the defendant, and judgment was ordered and entered thereon against plaintiff in the sum of $61.45, costs and disbursements. On December 26th, on application of plaintiff's counsel, an order was issued by the district court requiring defendants to show cause on December 27th, at 10 o'clock a. m., if any they had, why plaintiff should not be relieved from the judgment taken against it. Upon the hearing of such order to show cause the order complained of was made. Plaintiff's counsel, Turner & Wright, reside in the city of Fargo. This firm were attorneys in eight cases upon the calendar of this December term of said court, of which five, including the case at bar, were jury cases, and they were ready for trial in each of said cases. A day or two before the opening of said term, Mr. Wright, the member of said firm having charge of these cases, wrote the state's attorney of said county relative to the time which would probably be consumed in the trial of criminal cases, and was informed that such cases would be moved for trial at the opening of the term and disposed of as rapidly as possible. Fourteen criminal cases appeared on said calendar. On December 14th, Mr. Wright proceeded to Valley City, where he remained on other business until the evening of December 15th.

While there he was informed by the trial judge that the criminal calendar would be completed by Saturday evening, December 15th. Mr. Wright returned to Fargo after being informed that there were set cases for the following Monday which would probably occupy several days in the trial thereof; but to be doubly sure, on Sunday, December 16th, he called the trial judge over the telephone and was informed by him that these cases would occupy at least three days. He at that time stated to the judge that he desired to try his cases at that term of court, and desired only that he have notice and an opportunity to get to Valley City to try them. The judge acquiesced in this arrangement. On December 19th Mr. Wright called the clerk of said court over the telephone for information as to the state of the calendar, and was informed that the set cases mentioned would be followed by a civil action for libel which would probably consume about three days. On Thursday, December 20th, this firm were notified that three of their other cases might be reached for trial on the following day. Thereupon Mr. Wright notified his witnesses in these cases, as well as in the case at bar, to be at Valley City Friday morning; Mr. Wright going to Valley City Thursday evening. Upon his arrival there he was informed by the trial judge that none of his jury cases had been set for trial. Mr. Wright, however, remained in Valley City that night and attended court during the forenoon of Friday, December 21st, and had with him his witnesses ready for the trial of the case at bar. About 11 o'clock in the forenoon he informed the trial judge that he could leave for Fargo in about twenty minutes, as a train was due to depart at that time, and he inquired if there was any possibility of any of his cases being reached, either on that day, Friday, or on Saturday, the day following. He was informed by the judge that there was not. He and his witnesses then returned to Fargo, leaving Valley City at about 12 o'clock. That same afternoon he was notified by telephone that the case at bar had been set for trial the next day. This notification was given by Mr. Parks, one of defendant's attorneys, at about 3 o'clock in the afternoon. Mr. Wright, in his conversation with Mr. Parks, informed the latter that he could not go to Valley City before train No. 3 on Saturday morning, which train was scheduled to arrive at Valley City at 7:50. Mr. Parks stated in this conversation that, should anything happen to make this train late, he had another case which he thought

he could sandwich in ahead of it. Mr. Wright went to Valley City on train No. 3 Saturday morning, but this train was late in leaving Fargo and did not arrive in Valley City until about 11:50 a. m. Mr. Parks informed the judge that Mr. Wright would arrive on train No. 3. Mr. Parks was entirely willing to await the arrival of this train before beginning the trial of the case. The trial judge, upon receiving information from the agent of the railroad company at Valley City that this train would not arrive until about noon, peremptorily ordered defendants' counsel to at once proceed to the trial of the action or else it would be placed at the foot of the calendar. Thereupon proceedings were had as before stated. No other business was transacted by the court that day, the jury having been discharged before noon, until the following Wednesday. The reasons assigned by the trial judge for ordering the trial to proceed without awaiting the arrival of plaintiff's counsel was to enable him to give the jury an extra half day's holiday.

In the light of the foregoing facts it is too clear for discussion that the trial judge properly granted plaintiff's motion to vacate such default judgment. Indeed, to have denied this relief would have been a manifest abuse of discretion. Respondents' counsel do not contend to the contrary, but they assert that the court, in imposing terms of $100 as a condition to the granting of such relief, acted within a sound discretion, and hence that such order should not be modified by this court. Was it an abuse of discretion to impose any terms? And, if not, were the terms imposed reasonable? These are the sole questions for our determination. It is true, as contended for by respondents' counsel, that trial courts in matters of this kind are usually vested with a broad discretion; but it is well settled that such discretion must be exercised within the bounds of reason and in furtherance of justice. It appears that respondents were in no manner to blame for the situation in which the parties find themselves. Respondents' counsel did not force the case to trial, but, on the other hand, it appears that they were entirely willing to await the arrival of the belated train carrying plaintiff's counsel; but the court insisted upon disposing of the case at once. It would be manifestly unfair, therefore, to defendants, to vacate such default and reinstate the case for trial without the imposition of some terms. On the other hand, it is a hardship to plaintiff to be forced to pay term

costs when it and its counsel were in the exercise of such due diligence as is disclosed by this record. In view of the facts we think it was an abuse of discretion to impose terms in excess of the statutory costs and disbursements which defendants could properly tax in case of default. The payment of such sum would undoubtedly place defendants in as advantageous a position as they would have been in if plaintiff had commenced its action anew, which, of course, it had a perfect right to do. Upon plaintiff's default the proper practice was to take a dismissal of the action, as defendants did not ask for any affirmative relief. Upon such dismissal the only items which could be legally taxed as costs and disbursements against plaintiff would be those taxed in this case in the court below, less the item of $5 taxed for "trial of an issue of fact." There could properly be no trial; hence this item should be excluded. To impose terms in excess of these items amounted to the imposition of a penalty as a condition to the granting of relief to which plaintiff was clearly entitled and the granting of which in no manner prejudiced defendants.

The trial court is directed to modify the order appealed from to conform to this opinion; the costs of this appeal to abide the final result of the case. All concur.