RACINE-SATTLEY MANUFACTURING COMPANY, a Corpo-
ration, v. JOS. W. PAVLICEK, Aneska Pavlicek, Vincent Pav-
licek, and Sofia Pavlicek, Defendants. Sofia Pavlicek, Defendant.
and Respondent.

(130 N. W. 228.)

**Judgment — Vacating — Procedure.**

1. Proper procedure for relief from default judgment, under § 6884, Revised
Codes of 1905, is by motion to vacate the same based on an affidavit of merits,
and a proposed verified answer.

**Judgment — Vacating — Affidavit of Merits.**

2. On such an application the affidavit of merits cannot be controverted ex-
cept as to matters therein stated other than that constituting the merits of
the proposed defense.

**Appeal and Error — Vacating Void Judgment — Review — Testimony Taken,
After Ruling.**

3. On an appeal from an order vacating a default judgment, granted on such
an application, only the order with the moving papers on which the same is,
based will be considered by this court. Testimony taken subsequent to the-
ruling appealed from cannot be considered with the moving papers on such an,
appeal.

**Appeal and Error — Vacating Default Judgment — Discretion.**

4. The ruling of the trial court on a motion to vacate a default judgment,.
made under said § 6884, will not be reversed except in cases of manifest abuse-
of the wide judicial discretion vested in the trial court by said statute.

**Vacating Default Judgment — Proceedings — Discretion of Court.**

5. The exercise of the court's discretion on such an application should tend,.
in a reasonable degree, to bring about a trial on the merits, when the circum-
stances are such as to lead the court to hesitate upon the motion to open the-
default.

**Former Decisions Reviewed.**

6. Former decisions of this court, construing said § 6884, are collected and.
reviewed in the opinion.

Opinion filed January 30, 1911.

Appeal from the District Court of Stark county from an order vacat-
ing a default judgment made by *Crawford,* J.

Affirmed.

*Heffron & Baird,* for appellant.

One who would open a default judgment must, by affidavit, answer, or both, show a good defense on the merits, and excuse his failure to appear in the case. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151;. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381, 23. Cyc. Law & Proc. p. 930, note 32.

Ignorance only excuses in extreme cases. Sutton v. Gunn, 86 Ga.. 652, 12 S. E. 979.

*McFarlane & Murtha*, for respondent.

Motion to vacate is addressed to sound discretion, and ruling reversed only for abuse. Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042; Meade County Bank v. Decker, 19 S. D. 128, 102 N. W. 597; Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Minnesota Thresher Mfg. Co. v. Holtz, 10 N. D. 16, 84 N. W. 581; Griswold. Linseed Oil Co. v. Lee, 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955; Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Buell v. Emerich, 85 Cal. 116, 24 Pac. 644; Olson v. Sargent County, 15 N. D.. 146, 107 N. W. 43.

Promise to suppress a criminal prosecution is no consideration. Smith v. Steely, 80 Iowa, 738, 45 N. W. 912; Meech v. Lee, 82 Mich. 274, 46 N. W. 383; Bryant v. Peck & W. Co. 154 Mass. 460, 28 N. E.. 678; Haynes v. Rudd, 83 N. Y. 251, 102 N. Y. 373, 55 Am. Rep. 815,. 7 N. E. 287; Hamilton v. Lockhart, 158 Pa. 452, 27 Atl. 1077.

Goss, J. Plaintiff appeals from an order made March 6, 1909, vacating a judgment entered February 2, 1909, by default, for $2,856, against several defendants, one of whom is the respondent. Personal service of summons and complaint was had on respondent on January 2, 1909; execution was levied on defendant's real estate on February 8th, and on February 19th, by her attorneys, motion was made to vacate said judgment, with leave to file answer, and on hearing granted.. Such hearing was had on defendant's affidavit of merits and a proposed verified answer with supporting affidavit, and a plaintiff's counter affidavit controverting the affidavit of merits.

Plaintiff assigns such ruling as error, urging:

(1) No sufficient excuse is shown for defendant's default in failing to answer.

(2) That the affidavit and answer do not constitute a defense to plaintiff's cause of action.

(3) That the action of the trial court vacating the judgment was an unwarranted abuse of discretion.

We can summarize the affidavit of merit and answer into the following statement:

Respondent is foreign born and fifty-five years old, cannot speak or understand, read or write, English, and wholly unacquainted with business methods. In 1908, at her son's and plaintiff's solicitation, to save her son from criminal prosecution by the plaintiff, and for no other consideration, she executed a note for six hundred dollars ($600), by making her cross for her signature thereon; that soon thereafter, because of such threats, she in like manner signed a note sued on, then supposing she was re-executing the $600 note for the same purpose. After the service of summons and complaint upon her, she spoke to the son, for whom she signed the note, and he assured her that he would tend to the matter and see that no trouble came to her, and that she would not have to pay anything; that she did not know that these papers constituted the beginning of the lawsuit, or that she was required to answer or defend; and the first knowledge of this was on February 8th, when levy was made under execution against her property, at which time she learned from the sheriff, through an interpreter, that one of the notes she had signed by her mark had been for $2,725, and was the note upon which this judgment was entered. On February 12th she came to Dickinson and consulted with and employed attorneys, and was by them advised of her rights in the premises; "that she has fully and truthfully disclosed to said attorneys all the facts and circumstances in regard to this matter, and that she is advised by said attorneys that she has a good, legal, just, and equitable defense to the cause of action of the plaintiff; that this application is made in good faith, and not made for purposes of delay."

Her proposed answer, verified by her attorney, sets forth purported defenses of want of consideration, execution of the note sued on under plaintiff's duress, occasioned by and through plaintiff's threats to prosecute her son for felony, forgery, if not so paid, and fraud alleged to have been practised upon her in obtaining the execution and delivery by her of said note.

Plaintiff at the hearing offered an affidavit controverting defendant's affidavit of merit, alleging that defendant is acquainted with and can speak English; that he was present and saw the respondent sign the note set forth in the complaint, and witnessed her signature thereto, and that she signed the same freely and voluntarily; that no threats toward her or her son were made; that no one stated to her that the note was only six hundred dollars ($600); that the note executed was for $2,725.

On hearing the trial judge granted respondent's motion, vacated the judgment, and granted her leave to serve and file an answer, upon the payment of $50 term fees, which were tendered plaintiff's attorney and by him refused. This appeal was then perfected. Thereafter respondent was examined on plaintiff's application, under the provision of the statute relative to the examination of adverse parties before trial, and her testimony then taken was filed in this court, and, over respondent's objection, we are asked to pass upon the same in connection with the affidavit of merits and answer.

This court will not consider on this appeal any record other than that before the trial judge, on the motion and upon which the order appealed from was made. Plaintiff could have examined the defendant prior to the appeal and moved thereon the trial court to have set aside the order vacating the judgment, and reinstated the judgment in force, and from a denial thereof this court would have been in position to review such testimony of the defendant; but this court will not, on plaintiff's appeal, consider such testimony taken after the ruling appealed from was made. The appeal brings before us for review the order of the district court, together with the affidavits and pleadings upon which such order is based, and on such record the question of whether the trial judge committed an abuse of discretion in vacating the judgment.

Respondent invokes § 6884 of the Revised Codes of 1905 as her ground for asking that the default be set aside and she be permitted to answer. This statute provides that the court may "in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding." This statute has been so repeatedly construed by our own court that it is almost unnecessary to quote other authority than our own decision. The

21 N. D.—15.

following cases all bear upon the same question or are involved in the construction of the statute quoted:

Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Nichells v. Nichells, 5 N. D. 125, 33 L.R.A. 515, 57 Am. St. Rep. 540, 64 N. W. 73; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43; Martin v. Potter, 15 N. D. 284, 107 N. W. 970; Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41; Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A. (N.S.) 606, 116 N. W. 529; Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102, and Williams v. Fairmount School Dist. 21 N. D. —, 129 N. W. 1027.

As the questions involved in this case are often before trial courts for determination and that on varying facts and under different circumstances, each case depending more or less upon the facts and circumstances peculiar to it, in deciding the case before us it might be useful, so far as is necessary to decide the questions raised in this case, to review briefly the decisions of our court on this statute.

The procedure to obtain relief from a default judgment is by motion to vacate the same, with leave to answer on the merits. Proper practice requires this to be done by the service of an affidavit of merits and proposed answer, and the presentation of the same to the trial judge, with a motion to vacate the judgment with leave to answer. See Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381. The affidavit of merits is necessary in all cases when the application is made under the provisions of the statute quoted (§ 6884), and, in the absence of an allegation of fraud as a basis for

the vacation of the judgment, such motion is never granted without an affidavit of merits. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381. A verified answer, however, may, in the discretion of the court, be deemed unnecessary and the judgment be vacated on an affidavit of merit technically correct. Wheeler v. Castor, supra. Where the affidavit of merit is insufficient and the answer unverified, it is error to vacate a judgment rendered by default; Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80. An affidavit of merit should state facts, not conclusions, should be specific, positive, and not evasive or too general. Marin v. Potter, 15 N. D. 284, 107 N. W. 970. The application for vacation of the default must be seasonably made, and the question of whether it has been so made is a question for the determination of the trial court, in the exercise by it of the same discretion as is vested in it and that must govern it in determining all questions involved in such an application. Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75.

The affidavit of merit cannot be controverted as to facts therein recited, so far as the same purports to state the proposed defense on the merits. In Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 17, 84 N. W. 581, the court cites numerous authorities and lays down the rule for this jurisdiction that counter affidavits to the affidavit of merits are inadmissible to controvert the alleged merits of the defense, but are admissible as bearing on the facts submitted by the moving party as an excuse for his default in answer, or his delay or laches in making application for relief from the default judgment. In other words, the merits of the defense must be determined on the affidavit of merits and proposed answer outlining the issues proposed to be litigated, if a trial be granted; while the facts subsequent to the events constituting the merits, explaining the reasons for default in answer, the delay or laches in moving for vacation of a judgment, are properly triable on affidavits presented by either or both parties at the time of the hearing of the motion for vacation of judgment, and upon which affidavits the court must determine the preliminary question of whether the default shall be set aside, considering with such affidavits the proposed uncontrovertible prima facie defense set out in the affidavit of merits and proposed answer.

Plaintiff urges that defendant was guilty of laches in not answering the summons and complaint served January 2d, and in not moving to vacate prior to February 19th following the judgment entered by default on the intervening February 2d. Defendant received her first notice of the judgment February 8th, and employed attorneys February 12th, and one week thereafter, February 19th, served the motion to vacate on which these proceedings are before this court on appeal. "While the moving party has the burden of showing diligence, and, unless the same affirmatively appears, the court will not exercise its discretion" (Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381), yet under the same authority "a further reasonable period must elapse in which the advice of counsel could be sought and obtained. To this must be added a reasonable time for counsel to prepare and serve the papers after deciding upon a proper course to pursue in the case." More delay than in this case, in the making of application for relief from default, was held a matter for the decision of the trial court in its discretion, and, when permitted, sustained as not an abuse of discretion, in Fargo v. Keeney, 11 N. D. 484, 92 N. W. 386; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 17, 84 N. W. 581; Olson v. Sargent County, 15 N. D. 147, 107 N. W. 43. Under the promptness with which defendant acted after actual notice of judgment in this case, she was not guilty of laches, and the discretion of the court was not abused in entertaining her application so far as question of time was concerned.

The next question for consideration is regarding the sufficiency of the affidavit of merits and proposed answer, plaintiff's counsel contending that the court was not justified thereunder in vacating the judgment. The affidavit of merits with the proposed answer constitutes a prima facie defense when taken as true, as it must, inasmuch as it cannot be controverted so far as the merits of the defense are concerned, and amounts to a defense of want of consideration for the note, charging that the same was without other consideration than to suppress a criminal prosecution for felony. That a promise to suppress such a criminal prosecution will not support a promise to pay money, see Smith v. Steely, 80 Iowa, 738, 45 N. W. 912; Meech v. Lee, 82 Mich. 274, 46 N. W. 383; 9 Cyc. Law & Proc. p. 505, and cases cited from many jurisdictions. That a want of consideration is a defense to a promis-

sory note is elementary and has been so decided in Andrews v. Schmidt, 10 N. D. 1, 84 N. W. 568.

The affidavit of merits shows a prima facie defense, and invokes the discretion of the court as to whether to vacate the judgment and permit answer. Such discretion of the court is defined as follows: "In such cases the application invokes the sound judicial discretion of the court to which it is addressed, and in all such cases it is well settled that there can be no reversal of the ruling of the court below by a reviewing court, except where the court of review finds that the trial court abused the discretion vested in it by the law. The mere fact that the appellate court does not entirely agree with the court of original jurisdiction in its rulings does not suffice to show a cause of abuse of discretion within the meaning of the authorities." Fargo v. Keeney, and Cline v. Duffy, supra.

It is to be noticed that the statute in permitting pleading after time vests the court with "its discretion" in such matter, and it has been held "such an application does not rest upon any inflexible rule of law or strict legal right. In motions of this character the trial court exercises the powers of a court of equity." Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381. And "this discretion vested in trial courts is a broad one." Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43; Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993.

In case of doubt of propriety of granting an application, the discretion of the trial court will not be disturbed on appeal. "The exercise of the court's discretion ought to tend in a reasonable degree to bring about a judgment on the merits of the case, and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a rule, that the doubt should be resolved in favor of the application." 1 Black, Judgm. 2d ed. § 354; Citizen's Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

In the light of the foregoing authorities from our own state, all in harmony, we must hold the affidavit of merits and verified answer were sufficient to invoke the favor and discretion of the trial court, and the trial judge committed no abuse of discretion in vacating the judg-

ment, with leave to answer. Accordingly the order appealed from is affirmed, with costs of this appeal taxed against the appellant. All concur.