## G. SOMERS & COMPANY, a Corporation, v. GEORGE W. WILSON.

(155 N. W. 30.)

**County court — order of — appeal from — default judgment — diligence — defense — inadvertence — motion for — relief from — discretion — abuse of.**

Upon an appeal from an order of the county court refusing to relieve defendant from a default judgment, the facts disclose that defendant acted with the utmost diligence in arranging, through his attorney, to have a concededly meritorious defense interposed. Such attorney also acted with unusual promptitude in preparing the answer and other papers connected with the defense, but, through inadvertence, he was one day late in serving the answer on plaintiff's attorneys, who resided at Fargo, several hundred miles away.

*Held,* under the particular facts stated in the opinion, that it was a manifest abuse of discretion on the part of the trial court to deny this motion for relief from such default.

Opinion filed November 2, 1915.

Appeal from the County Court of Cass County, *A. G. Hanson,* J. From an order refusing to relieve defendant from a default judgment, he appeals.

Reversed.

*Ray O. Miller* and *Henry J. Linde,* for appellant.

The rule adopted by our supreme court requires a very liberal construction of our statute relating to relief from default judgments. Rev. Codes 1905, § 6884, Comp. Laws 1913, § 7483; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248.

Such statutes are remedial in their character and application, and are intended to furnish a simple, speedy, and efficient means of relief in a most worthy class of cases. The discretion of the trial court is not merely a mental one, but a sound legal, judicial discretion, giving effect to the will of the law. Freeman, Judgm. 4th ed. § 106; Tripp v. Cook, 26 Wend. 143; Citizens' Nat. Bank v. Branden, 19 N. D. 493, 27

L.R.A.(N.S.) 858, 126 N. W. 102; Barto v. Sioux City Electric Co. 119 Iowa, 179, 93 N. W. 268; Grady v. Donahoo, 108 Cal. 211, 41 Pac. 41; Watson v. San Francisco & H. B. R. Co. 41 Cal. 17; Dodge v. Ridenour, 62 Cal. 263.

*Pfeffer & Pfeffer,* for respondent.

"Discretion" means a judicial discretion, to be exercised under the exigencies of each case as it arises. The mere fact that the appellate court does not fully agree with the trial court does not suffice to show abuse of discretion. Fargo v. Keeney, 11 N. D. 484, 92 N. W. 386; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

A motion to vacate a judgment is not based upon a strict legal right, but is addressed to the favor of the court; and its finding will not be disturbed except for clear abuse. Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Bagby v. Chandler, 8 Ala. 230; Merchants' Ad-Sign Co. v. Los Angeles Bill Posting Co. 128 Cal. 619, 61 Pac. 277; Clarke v. Witram, 99 Cal. 50, 33 Pac. 798; Williamson v. Cummings Rock Drill Co. 95 Cal. 652, 30 Pac. 762; Poirier v. Gravel, 88 Cal. 79, 25 Pac. 962; Garner v. Erlanger, 86 Cal. 60, 24 Pac. 805; Dougherty v. Nevada Bank, 68 Cal. 275, 9 Pac. 112; Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836; 23 Cyc. 895, and cases cited; 3 Cyc. 341, and cases cited; 3 Century Dig. title "Appeal and Error," § 3823.

The neglect of counsel employed and having charge of the case is the neglect of the client, and must be so treated. Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; 23 Cyc. 939, and cases cited; Wilson v. Smith, 17 Tex. Civ. App. 188, 43 S. W. 1086; Thomas v. Duncan, 7 Ky. L. Rep. 371; Savage v. Dinkler, 12 Okla. 463, 72 Pac. 366.

One making affidavit in support of a motion to vacate a judgment must have original knowledge of the alleged facts stated, and it must so clearly appear; otherwise such affidavit is hearsay. Getchell v. Great Northern R. Co. 24 N. D. 487, 140 N. W. 109.

An applicant, to be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, must show a good excuse for failing to defend at the proper time; he must give a sufficient, substantial reason. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Sargent v. Kindred, 5 N. D. 8, 63 N. W.

151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Gauthier v. Rušicka, 3 N. D. 1, 53 N. W. 80; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Getchell v. Great Northern R. Co. 24 N. D. 487, 140 N. W. 109; Reilly v. Ruddock, 41 Cal. 312; People v. O'Connell, 23 Cal. 281; Harlan v. Smith, 6 Cal. 173; Utley v. Cameron, 87 Ill. App. 71; Bass v. Smith, 60 Ind. 40; Walker v. Clark, 8 Iowa, 474; Moran v. Mackey, 32 Minn. 266, 20 N. W. 159; 23 Cyc. 930, and cases cited.

Such an affidavit will be construed most strongly against him who makes it. Johannes v. Coghlan, 23 N. D. 588, 137 N. W. 822; Jenkins v. Gamewell Fire Alarm Teleg. Co. 3 Cal. Unrep. 655, 31 Pac. 570; Bailey v. Taaffe, 29 Cal. 422; Hazelrigg v. Wainwright, 17 Ind. 215; Frost v. Dodge, 15 Ind. 139; Brown v. Warren, 17 Nev. 417, 30 Pac. 1078; Woods v. Lang, — Tex. —, 11 S. W. 917; 23 Cyc. 954, and cases cited; 30 Century Dig. title "Judgment," § 312.

It should state facts, not conclusions. Marin v. Potter, 15 N. D. 284, 107 N. W. 970; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Edwards v. McKay, 73 Ill. 570.

"Accident or oversight" on the part of the attorney is not sufficient. Martin v. Reese, 105 Iowa, 694, 75 N. W. 496; Rosenthal v. Payne, 2 N. Y. Supp. 717; Johannes v. Coghlan, 23 N. D. 588, 137 N. W. 822.

That either the party or attorney, or both, were engaged upon other work, and forgot, is not a valid or sufficient excuse. It is the duty of a party to an action to give it due attention. Bazal v. St. Stanislaus Church, 21 N. D. 602, 132 N. W. 212; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

Fisk, Ch. J. Plaintiff had judgment by default in the county court of Cass county; and from an order refusing to relieve defendant from such default and to permit him to defend upon the merits, he appeals.

The facts disclosed at the hearing of such motion in the court below, and which are shown by the record before us on this appeal, are not seriously in dispute, and, briefly stated, are as follows:

The summons and complaint were served upon defendant in Mountrail county, the place of his residence, on February 28, 1914, and on that date he retained his attorney, Roy O. Miller, to whom he made a full and complete statement of all the facts of his case, and was advised

by his said attorney that he had a valid and meritorious defense to plaintiff's cause of action. Whereupon he instructed such attorney to interpose a verified answer, and serve and file an affidavit and demand for a change of venue from Cass to Mountrail county, which his said attorney promised to do. Such attorney thereafter and on March 3, 1914, duly prepared, and had signed and sworn to, an affidavit as a basis for a demand for such change of venue, also a formal demand for such change, which he signed on that date. He also prepared an answer, which concededly states a good and meritorious defense to the plaintiff's complaint, and duly verified the same on March 9th. For some reason not entirely clear from the record, none of these papers were forwarded to plaintiff's attorney until March 11th, which was the date such default judgment was entered. It is true, it is stated in the affidavit of defendant's attorney that he forwarded all these papers to plaintiff's attorneys at Fargo on March 10th, for their admission of service, inclosing also a stipulation for them to sign, consenting to such change of venue, but plaintiff's attorneys produced at the hearing of the motion, and as a part of their showing in opposition thereto, an envelop postdated March 11th, and which they identified as the envelop received by them on the latter date, containing such papers; and defendant's attorney in his affidavit seems to concede that he was one day late in effecting service on plaintiff's attorneys of such papers. At that time the statutory period allowed for appearance after service of the summons in county court was ten days. Hence there was a default after March 10th, provided such papers were not deposited in the mail on that date. In view of the position of defendant's attorney in conceding or assuming in his affidavit that he was one day late, we shall, for the purposes of this appeal, hold that there was a default of one day, and that such default judgment was properly entered.

This being true, the burden is on the defendant to excuse such default, and to succeed on this appeal he must show that the trial court, in denying his motion, clearly abused the discretion vested in it. The rule applicable to such motions and to appeals therefrom is too well settled in this state to require reiteration here. We merely cite a few recent cases in this court, wherein the earlier holdings are referred to. They are: Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A. (N.S.) 858, 126 N. W. 102; Cline v. Duffy, 20 N. D. 525, 129 N. W.

32 N. D.—2.

75; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228. Applying the settled rules heretofore announced by this court to the facts before us, can it be properly said that the lower court clearly abused its discretion in making the order complained of? While we naturally have some hesitancy in so holding, we feel that under the particular facts of this case such question should be answered in the affirmative. We are prompted to this holding because of the manifest injustice which would result to defendant by a contrary decision. He is in no way to blame for the default, but, on the contrary, acted with the utmost despatch in attempting to interpose his concededly meritorious defense, and also in taking steps to be relieved from the default. The same may be said of his attorney, with the single exception of the very slight delay in procuring service of the answer and other papers. Owing to his exceptional promptitude in all other ways, we are convinced that such slight delay resulted through mere inadvertence and was excusable, especially in view of all the circumstances. Both defendant and his attorney resided several hundred miles from the place where the action was pending, and in a county not having increased jurisdiction in its county court, and the statutory time then given for appearance and answer was but ten days from the date of service of the summons,—a period too short, and since recognized to be so by our legislature. See Chapter 102, Laws 1915, extending the period to twenty days. While it is no doubt true that defendant and his attorney were bound to know the law, and consequently were bound to know that but ten days were allowed in which to answer, it is easy to see how a day's delay might happen to the most careful practitioner. To deny relief under all the circumstances is shocking to our sense of justice. We believe the case at bar clearly falls within the class of cases which the legislature had in mind in enacting § 7483, Compiled Laws of 1913, providing: "The court may . . . in its discretion, . . . at any time within one year after notice thereof, relieve, a party from a judgment . . . taken against him through his mistake, inadvertence, surprise, or excusable neglect," etc.

It should be stated that no question is raised as to the legal sufficiency, in point of practice, of defendant's showing on the motion, the sole contention being that the showing made was insufficient, under the settled rule, to excuse the neglect or default of his attorney. The order is

reversed to the extent of permitting defendant to answer and to go to trial upon the merits, but not for the purpose of permitting an application to be made for a change of venue of the action. Appellant will recover his costs on the appeal. .