# GETCHELL v. GREAT NORTHERN RAILWAY COMPANY.

(140 N. W. 109.)

**Appeal — notice of abandonment — dismissal.**

1. The fact that the appellant serves notice upon respondent that he will abandon an appeal is a sufficient ground for an application to this court to have such appeal dismissed, but until such dismissal is ordered by this court the appeal remains effective, and will be considered upon its merits.

**Summons — service upon agent of railway company — default judgment valid.**

2. Where the summons and complaint have been served upon the station agent of a railway company, and a judgment by default duly entered therein, such judgment is valid. If the railway company wishes to have said judgment reopened on the ground that the station agent neglected to forward the papers to the head office of the company, it must make application under § 6884, Rev. Codes 1905, and make and file a good and sufficient affidavit of merits.

**Motion to reopen — affidavit of merits — practice.**

3. An affidavit by the defendant's attorney that he has been furnished with the records of the claim department of the railway, and that, after examining said records, he has advised the railway company that it is not liable for the damages asked in the complaint, is not a sufficient affidavit of merits. Said affidavit does not show that the claim department truthfully stated all the facts of the case to said attorney. The affidavit of the attorney does not state that the company has a good defense on the merits, but is merely to the effect that the attorney has advised the company to that effect.

Opinion filed February 3, 1913.

Appeal from the District Court for Cavalier County; *Cowan, J.* Affirmed.

*Murphy & Duggan,* for appellant.

An affidavit of merits is required only where application to open default is based upon excusable neglect, mistake, etc. Rev. Codes Sec. 6884.

Judgment is to be set aside where the evidence is sufficient to show

Note.—As to necessity of affidavit of meritorious defense, and necessity of showing such defense, in order to vacate a judgment rendered without jurisdiction of the person of defendant, see note in 18 L.R.A.(N.S.) 405.

to the court that no service of the summons had been made upon defendant.   Rice v. Griffith, 9 Iowa, 539; Martinson v. Marzolf, 14 N. D. 309, 103 N. W. 937; Bauer v. Union Cent. L. Ins. Co. 22 N. D. 435, 133 N. W. 988; Skjelbred v. Shafer, 15 N. D. 539, 125 Am. St. Rep. 614, 108 N. W. 487; Stubbs v. McGillis, 44 Colo. 138, 18 L.R.A.(N.S.) 405, 130 Am. St. Rep. 116, 96 Pac. 1005; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; El Paso & S. W. R. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660; Hill v. Crownover, 4 Tex. 8; Edrington v. Kiger, 4 Tex. 95; Anderson v. Sutherland, 59 Tex. 409.

*W. A. McIntyre,* for respondent.

Service upon agent of railway company in charge of station and affairs of company is good service upon company.   Getchell v. Great Northern R. Co. 22 N. D. 325, 133 N. W. 912; Marin v. Potter, 15 N. D. 284, 107 N. W. 970.

Applicant to have default judgment reopened must show that the judgment was taken against him through mistake, inadvertence, surprise, or excusable neglect, and a good and sufficient affidavit of merits, and a proposed answer setting forth a valid defense must be made. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 391; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

Affidavit of counsel to the effect that the claim has been presented to him, and that he advised that defendant was not liable, etc., insufficient as affidavit of merits.   El Paso & S. W. R. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Nichells v. Nichells, 5 N. D. 125, 33 L.R.A. 515, 57 Am. St. Rep. 540, 64 N. W. 73.

BURKE, J.   This is the second time this case has been before us.   See 22 N. D. 325, 133 N. W. 912.   Briefly stated, the summons and complaint in this action were served upon the acting station agent of defendant at Langdon, North Dakota, but said agent neglected to notify the head office of the receipt of the papers, and judgment was entered against the railway by default.   Thereafter, an application was made

to reopen said judgment. This application was based upon the affidavit of the said station agent, who deposes that he does not remember that said papers were served upon him; the affidavit of the chief clerk of the head office to the effect that the papers had not been received at his office; and the affidavit of the North Dakota attorney for said railway to the effect that there had been submitted to him the claim papers and investigations of the defendant's claim department in reference to the transaction out of which the cause of action arose, and that he had advised the defendant that it was not liable for the damages claimed in the complaint. This application to reopen the judgment was denied, and this appeal is from such order of denial.

(1) Respondent calls our attention to the fact that this appeal was at one time abandoned by the defendant, and asks that we consider the same dismissed. It is true that at one time notice of abandonment of this appeal was served upon the plaintiff by the defendant, and the defendant could have secured a dismissal upon proper application to this court. No such application was made, and we consider the appeal still before us, and will pass upon the merits.

(2) The respondent further insists that there was no affidavit of merits presented with the application to reopen the judgment, and that the ruling of the trial court was correct for that reason. In answer to this, the appellant insists that the judgment entered was void because of no service having been made upon defendant, and that no affidavit of merits is necessary to purge the record of a void judgment. The question resolves itself into this; Was or was not the said judgment entered void? The evidence offered is, to our minds, conclusive that the service of the summons and complaint was duly made upon the station agent. In fact, the affidavit of said agent in no place positively denies such fact. The trial court evidently reached the same conclusion. Under these facts the judgment entered was not void, but in all things regular. The service was complete when the papers were handed to the station agent, and it was not necessary to the validity of the judgment that they were received at the railroad office. See Brown v. Chicago, M. & St. P. R. Co. 12 N. D. 61, 102 Am. St. Rep. 564, 95 N. W. 153, 14 Am. Neg. Rep. 169; Ord Hardware Co. v. Case Threshing Mach. Co. 77 Neb. 847, 8 L.R.A.(N.S.) 770, 110 N. W. 551, and cases therein cited. The application to reopen this judgment must, therefore,

be made under § 6884, Rev. Codes 1905, and must be accompanied by a sufficient affidavit of merits. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 391; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

(3) As already stated, no affidavit of merits was filed, but the affidavit of defendant's attorney, above mentioned, stated that there had been submitted to him the claim papers and investigations of the claim department in reference to this accident, and that he had advised the defendant that it was not liable for the damages demanded in the complaint. The defendant now insists that these allegations constitute an affidavit of merits. We do not believe the same sufficient. While the attorney for a railroad company may be in a position to make an affidavit of merits for his client, yet it must clearly appear that he has original knowledge of the facts, and is not relying upon hearsay. In this case the attorney shows that he knows nothing of the accident, excepting what was reported to him by the claim department. He did not know whether or not said department had truthfully stated the facts to him. Further, the said affidavit does not state that the defendant is not liable, it merely states that the said attorney has advised said company to that effect. There are other objections raised to the sufficiency of the affidavit that are plausible, but we believe the two objections above set forth are sufficient for the purposes of this opinion.

It follows, therefore, that the order of the trial court denying leave to reopen the judgment was proper, and it is accordingly affirmed.