## A. C. HARRIS v. ED. HESSIN.

(155 N. W. 41.)

**Default judgment — vacating — trial court — refusing to vacate — discretion — abuse of.**

The refusal of the trial court to vacate a default and permit a trial on the merits, under the facts stated in the opinion, was an abuse of discretion.

Opinion filed November 6, 1915.

An appeal from the County Court of Increased Jurisdiction of Ward County, *Wm. Murray*, J.

Reversed.

*Paul Campbell* and *H. S. Kline*, for appellant.

The trial court has the power to relieve a person against whom a default judgment has been taken, from such judgment, or from an order or other proceedings taken against him, within one year, upon proper application; and when such party shows reasonable excuse, mistake, or that the judgment or other proceeding was taken improvidently, it is an

abuse of discretion for the court to deny relief.  Comp. Laws 1913, § 6884; 32 Cyc. 406; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Bismarck Grocery Co. v. Yeager, 21 N. D. 547, 131 N. W. 517.

*Palda, Aaker, & Greene,* and *I. M. Oseth,* for respondent.

It is only for abuse of discretion by the trial court that an order refusing to vacate a judgment, or other proceeding, can be reviewed by the appellate court.  Cline v. Duffy, 20 N. D. 525, 129 N. W. 75.

Goss, J.  Appellant sought relief in the lower court from a judgment taken against him by default.  The record on this appeal presents a review of the decision of the lower court upon this issue.  The matter has been here before.  An opinion upon practice questions was written in Harris v. Hassin, found in 30 N. D. 33, 151 N. W. 4. Therein a remand was ordered, and the case is now here upon the former record, supplemented by the depositions of the county judge and clerk of the county court, since taken, and certain affidavits.  All questions of law involved have been heretofore settled in this jurisdiction.

It can be assumed, for the purpose of this decision, that the particular continuance in question had was taken to May 5th, 1914, instead of May 8th, as contended by appellant.  Briefly recited, the facts are that the case was at issue on the pleadings, and had been set on peremptory call for trial for March 12th, 1914, upon which date a continuance was granted to April 8th to enable the deposition of the defendant to be taken and be presented.  On April 8th a postponement was asked by the plaintiff and concurred in by the defendant, who requested and secured a further continuance to April 22d, because the defendant's deposition had not arrived.  This deposition arrived before April 22d.  Plaintiff filed written objections thereto on said date, and which objections were well taken, and necessitated defendant either going to trial without the deposition and his defense on the merits, or his obtaining a further continuance to enable the retaking of said deposition in proper form.  Defendant thereupon applied for a third continuance, and was granted it upon his payment of $25 terms, which was paid in open court, and the case was orally declared to be continued.  The date to which this continuance was granted, or understood to have been granted, is the all-important circumstance.  The

facts concerning it are not in substantial dispute. It is apparent that both parties are and have been in good faith in their respective understanding as to the date for trial, as their actions concerning it are and have been entirely consistent with their belief in the matter. Plaintiff and respondent understood that the cause was continued to May 5, 1914, the first day of the May term. Defendant and appellant in good faith understood and believed the continuance to have been to May 8th, 1914. No record was made, at the time, of the date to which continuance for trial was granted. A record was subsequently made by interlineation, reciting that the "case was continued to the first day of the May term on May 5th, 1914." This record was made by the clerk on direction of the judge, but not until after defendant had applied to be relieved from said default. Plaintiff appeared on May 5th, submitted proof, and judgment was awarded thereon, with defendant defaulting. But no formal order for judgment was applied for or given until after defendant's application to be relieved had been ruled upon. That no order for judgment was obtained and no judgment caused to be entered during this interval would appear to be conclusive proof that plaintiff's attorneys were not endeavoring to procure a judgment by default, but relied, instead, upon their understanding that the case had been continued to the first day of the May term. That the court entertained the same belief is equally apparent; otherwise it would have refused the proof, and kept the case open to a later date. But that defendant likewise acted in the utmost good faith is certain from his conduct. Without notice of his either actual or supposed default, counsel appears in court, having traveled some 60 miles to be present. The second deposition had arrived May 7th, and counsel appeared ready for trial May 8th. Other matters of conduct during said period intervening all concur to establish said counsel's good faith, and that the default, if any, was unintentional, as well as unknown until May 8th, and occurred through his actual mistake and under a situation refuting any bad faith. And such is the situation that must have been apparent to the lower court arising upon defendant's application to be relieved. By counsel's mistake and inadvertence, and without any fault of defendant, who has been most diligent, he has been denied a trial. To have granted the application would have been no denial of justice to plaintiff, but at the most only a short delay in trial, with monthly terms

of court following. Besides, in the instant case there is present a valid reason for the continuance granted April 22d, *viz.*, necessity for defendant's deposition, and without which in all probability defendant's counsel could not hope to prevail, and without which, had his counsel willingly proceeded to trial, he might have been guilty of carelessness or worse in the care of his client's interests. Then too, $25 terms was exacted, and paid for the short continuance granted. Defendant must have been admonished thereby that any future unnecessary delinquency on his part would not be tolerated. Under these circumstances it is impossible to believe that these terms were paid with any present intention on the part of his counsel to shortly thereafter default in the defense. An additional strong circumstance tending to excuse the default is that no unreasonable or inexcusable delay had occurred up to that time. The files disclose that the answer was interposed January 23d, in an action begun by substituted service of summons by publication, based upon an attachment, service of summons in which was not complete until January, 1914. Plaintiff very promptly served note of issue and notice of trial for the term beginning March 3, 1914. The case was immediately set on peremptory call for trial March 12th, and then continued, that defendant's deposition might be taken, to April 8th and again continued two weeks, to April 22d, for the same purpose. Thereupon the plaintiff discovered that the deposition meanwhile arriving was useless under the objections made, because of its defective authentication. The continuance in question was then had from April 22d to either May 5th or May 8th, according to the respective contentions. It further appears that the defendant was a resident of Canada, and a long distance from a postoffice, and that under these exceptional circumstances neither he nor his attorney was negligent in failing to earlier procure his deposition. Rather, it appears that all possible speed was used in taking and procuring said deposition, even to the extent of causing it to be transmitted by courier 35 miles in an endeavor to get the same returned in time for trial May 8th. All things considered, the case was most expeditiously brought at issue, and to trial thereafter. It cannot, then, be assumed that the defendant or his attorney permitted the default to procure more time, or had been dilatory. Nor is this the usual case where defendant had written notice of the date at which he must appear. In fact, it is at least a fair inference from

the record that the trial judge, who made no docket entries, but rather depended upon the clerk to keep the record, was somewhat in doubt on May 8th as to the 5th having been the correct date to which the continuance had been taken. Otherwise, he would not have called up the court stenographer to see if shorthand minutes were taken of the date. It also appears that one of the firm of attorneys for the plaintiff had made a memorandum April 22d, reciting the continuance as taken to May 5th, and that this memorandum had been resorted to by the clerk before the minutes of the adjournment were written up, and that, to that extent, the recollection of the clerk may have been influenced, and the minute of the proceedings may have been inadvertently made to record the wrong date. This, together with the interlineation of the date in the minutes, which interlineation was apparently made as an afterthought, at least tend to cast doubt upon the accuracy and reliability of the minutes. Clerk and judge have both testified. Both believe and assert their minutes to be correct, but testify to circumstances showing easily how they might be in error. All things considered, the evidence as to the date to which the adjournment was taken is fairly evenly balanced. And this is a circumstance to be considered as bearing upon the relief requested, because where the question is so closely balanced upon an issue of fact of whether a default actually existed or not, the defaulting party could be said to be entitled to more consideration as a matter of right than where no doubt existed as to his default, and the only question was of the sufficiency of his showing for relief therefrom.

It is almost elementary that this is a review of the exercise of the discretion of the lower court, and its denial of the application to be relieved from the default. It is an oft-adjudicated principle that it is only for a manifest abuse of such discretion exercised that the decision of the lower tribunal will be disturbed. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228, and cases there reviewed. Under the record this court has before it all facts and circumstances known by the lower court, and is in a position to pass upon the issues presented, as advantageously as was that court, and for an abuse of discretion must reverse. Wannemacher v. Vance, 23 N. D. 634, 138 N. W. 3. It is also true that "the exercise of the court's discretion on such an application should tend in a reasonable degree to bring about a

trial on the merits, when the circumstances are such as to lead the court to hesitate upon the motion to open the default." Racine-Sattley Mfg. Co. v. Pavlicek, supra. On the whole, all things considered, applying these tests, the default should have been set aside and a trial allowed upon the merits. The order denying the application was an abuse of discretion.

There is no question of sufficiency of an affidavit of merits involved. The case was previously at issue on the merits, and no affidavit of merit was therefore necessary. All that was incumbent upon the defendant was to excuse by affidavit, or otherwise, the default, if any, in appearance for trial. Respondent argues that the reopening of the case would serve no good purpose, because the merits were indirectly before the trial court and passed upon, inasmuch as the deposition of the defendant stating the facts and constituting the evidence of his defense was on file in the case, and as such was considered by the court in the nature of an affidavit of merit. Or, in the language of counsel's brief, the deposition and defense "was before the trial court *in toto* when it was considering the motion for relief in question, in lieu of the usual affidavit of merits," and "that under the circumstances and for the purpose of such motion the court was justified in assuming that such deposition contained the defendant's whole defense. That there is no claim or intimation that it did not. And from the evidence of both parties thus before it the court could and did, in effect, conclude definitely that its decision would probably not be different upon another hearing, and that no legitimate purpose, therefore, would be served by granting such hearing. Its conclusion in that regard cannot well be challenged, for the trial court would, in any event, be a judge of the facts," a jury trial having been waived by failure to demand the same. The answer to these contentions is that the merits were in no wise before the court as upon a trial of fact. While the court might scan the deposition to determine that the defense interposed was in good faith, and not a frivolous one, and perhaps as bearing upon, if it did at all, the reason for the default, the court could not further than this pass upon the merits as upon a trial on the merits. As no affidavit of merits was necessary, it is difficult to understand how the deposition could be used on the contrary theory. It is equally hard to understand by what right the plaintiff could assume that the deposition of the defendant as a

witness in his own behalf would be the only testimony his counsel might see fit to offer in defense. Respondent's position is as untenable on this as upon the other matters presented.

It is therefore ordered that the default judgment taken and entered against defendant be set aside and a trial be granted upon the merits. Appellant will recover costs and disbursements on this appeal.