JESSE FRENCH & SONS PIANO COMPANY, a Corporation, Respondent, v. GEO. W. GETTS (Sometimes Doing Business under the Name and Style of Geo. W. Getts Piano Company), Appellant.

(192 N. W. 765.)

**Judgment — no affidavit of merits necessary in motion to vacate default judgment where verified answer filed before default discloses defense on merits.**

1. Where a motion is made by the defendant to vacate a default judgment upon the ground of excusable neglect, and where at the time the judgment was entered, an answer, verified by the attorney for the defendant on information and belief, was on file, and the case was at issue, and such answer disclosed a defense on the merits, it is *held* that no affidavit of merits is necessary, following Harris v. Hessin, 32 N. D. 25; and Peterson v. Finnegan, 45 N. D. 101.

**Appeal and error — trial court not reversed for refusing motion to vacate judgment except for manifest abuse of discretion; discretion of trial court held not abused in refusing to grant motion to vacate judgment.**

2. The action of the trial court in refusing to grant a motion to vacate a judgment under § 7483, Comp. Laws 1913, will not be reversed by this court except for manifest abuse of discretion. For reasons stated in the opinion, it is held that the trial court did not abuse its discretion in refusing to grant the motion of the defendant to vacate the judgment.

Opinion filed March 3, 1923.

Appeal and Error, 4 C. J. § 2824 p. 839 n. 27; Judgments, 34 C. J. § 553 p. 340 n. 21; § 580 p. 365 n. 67.

Appeal from an order of the District Court of Grand Forks County, denying defendant's motion to vacate the judgment entered against him, *Englert,* J.

Affirmed.

*H. A. Libby,* for appellant.

The power to act upon such motions and to give relief rests in the discretion of the court. Griswold Oil Co. v. Lee, 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955; Bucknell v. Archer, 29 S. D. 22, 135 N. W. 675.

Note.—As to necessity of affidavit of merit in motion to vacate default judgment, see 15 R. C. L. 719; 4 R. C. L. Supp. 1017; 5 R. C. L. Supp. 848. Refusal of trial court to grant motion to vacate judgment not reversed except for abuse of discretion, see 2 R. C. L. 215; 1 R. C. L. Supp. 451.

A case on the question of excusable neglect is Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Brasєth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Cline v. Duffy, 20 N. D. 525, 122 N. W. 75; Bank v. Krenelka, 23 N. D. 568, 137 N. W. 824; Citizens Nat. Bank v. Braden, 19 N. D. 489, 126 N. W. 102; Bismarck Groc. Co. v. Yeager, 21 N. D. 541; First State Bank v. Kreuelke, 23 N. D. 568; Westbrook v. Rice, 148 N. W. 827.

*Geo. A. Bangs,* for respondent.

The discretion of the trial court exercised in the granting of the order appealed from will be reversed only for an abuse thereof.

The moving party must show diligence; negligence will defeat the right; negligence is inconsistent with "excusable neglect."

There must be a meritorious cause of action or defense. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Racine-Sattley Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Getchell v. G. N. R. Co. 24 N. D. 487, 140 N. W. 109; Herrmann v. State Bank, 34 N. D. 313, 158 N. W. 986; Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011; State Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135; Mougey v. Miller, 41 N. D. 81, 169 N. W. 735; State v. Casey, 9 S. D. 436, 69 N. W. 585; McDonald v. Egan, 43 S. D. 147, 178 N. W. 296; Walton v. Hurst (Mo. App.) 199 S. W. 1043; Kahoon v. Brinkley, 176 N. C. 5, 96 S. E. 650; Baker v. Hunt, 66 Okla. 32, 166 Pac. 891.

JOHNSON, J. This is an appeal from an order denying defendant's and appellant's motion to vacate and set aside a judgment entered in the action on July 14, 1922.

The plaintiff served a summons and complaint upon the defendant on or about the 23d day of March, 1922. The suit was brought upon several promissory notes. Answer was in due time interposed by the defendant, verified on information and belief by the attorney for the defendant. The defendant admitted the execution of the notes upon which the action was brought and interposed a counterclaim in an aggregate amount exceeding the face value of the notes.

The case was on the calendar for the June, 1922 term in Grand Forks county. This term convened on June 6 and it is undisputed that of this fact attorneys for both parties had full knowledge. The

case was set for trial for June 23. On June 23, the defendant not being present, and at the request of defendant's counsel, the case was put over for trial to July 1, and on July 1 the trial was further postponed at the request of defendant's counsel. Thereafter, and from day to day the case was postponed until the end of the term on July 12, at which time a jury was impanelled. Plaintiff submitted his testimony and verdict was rendered for the plaintiff and judgment entered thereon. The defendant failed to appear in person at any time and no testimony was offered in his behalf at the trial.

On the 27th day of September, 1922, a motion to vacate and set aside this judgment was made by the attorney for the defendant, and on October 14 thereafter, this motion was in all things denied. The motion was made upon the ground of excusable neglect and the appellant seeks to bring himself within the provisions of § 7483, Comp. Laws, 1913, providing for the vacating of judgments in certain contingencies. The motion was supported by the affidavits of C. A. Robbins, a physician who attended the defendant, Ralph Eaton, H. B. Johnson, Geo. W. Getts, defendant, and H. A. Libby, the last named being the attorney of record for the defendant. No affidavit of merits was filed in support of the application, and respondent contends that such an affidavit is essential, although the case was at issue when the default occurred.

The necessity for, and the sufficiency of, affidavits of merits in support of motions to vacate judgments under § 7483, Comp. Laws, 1913, have been many times before this court. In Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80, it was held that the moving party must disclose merits; that the court will relieve him only in furtherance of justice; and that the defenses must be meritorious, not merely of a technical character. It is there said that the defendant must present an affidavit of merits with the motion, and that an unverified answer in the file, although accepted by the attorney for the plaintiff is insufficient and cannot be considered in lieu of an affidavit of merits. It is further stated by way of dictum in the opinion that it is doubtful if a verified answer would obviate the necessity of an affidavit of merits and that there is much persuasive authority in support of the view that a verified answer is not sufficient.

In Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151, this matter was

again considered by the court, but two opinions were written, one by
Justice Bartholomew and the other by Justice Corliss, while Chief
Justice Wallin did not participate in the decision.    The trial court
was reversed, but the grounds of decision are differently stated in the
two opinions.    Justice Corliss states as his view that, inasmuch as the
defendant failed to present an affidavit of merits in support of the
motion to vacate the judgment, the motion should have been denied, not-
withstanding the fact that the defendant had served a verified answer
which was on file in the case.    Justice Corliss again refers to the case
of Gauthier v. Rusicka, supra, as intimating that an affidavit of merits
was necessary, notwithstanding the fact that a verified answer was on
file, and further reiterates the position taken in that case that the de-
fendant who moves for a vacation of the judgment should not be per-
mitted to obtain relief on terms less strict because a verified answer has
been filed than one who is asking for such relief before an answer has
been served.    In Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252,
this court, in an opinion written by Justice Bartholomew, Justices Cor-
liss and Wallin concurring, states it to be the law in this jurisdiction
that the defendant who moves to vacate a judgment on the ground of
mistake, inadvertence, or excusable neglect, must file an affidavit of
merits in which he says, if he does not set out the specific facts, that
he has fully and fairly stated all the facts in the case to his counsel
and that, upon such statement, his counsel has advised him that he has a
good defense on the merits.    The court says that this is the least that is
required.    The court further says that an attorney may make the af-
fidavit only when an excuse is shown for the failure of the party him-
self to make it.    If the attorney makes it, he must make the affidavit
from his own knowledge of the facts.    The court further in this opinion
says, in speaking of the sufficiency of the affidavit of merits: "The law
upon that point is clearly stated by Corliss, J., in his concurring opinion
in Sargent v. Kindred, 5 N. D. 8, 19, 63 N. W. 151."    It would seem
that the court in the Kirschner Case adopted the concurring opinion
of Corliss, J., in Sargent v. Kindred, supra, as the law of the case on
this point, in which Justice Corliss emphatically states it to be his
opinion that an affidavit of merits should accompany the application,
notwithstanding the fact that a verified answer has been served and is
on file.

In Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581, this court says that the defendant, on a motion to vacate a judgment, pursued the proper practice in supporting his motion by a duly verified answer, stating a defense on the merits to the plaintiff's cause of action, and also by using affidavits excusing his neglect to answer the complaint. In Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381, this matter was again before this court and, in an opinion written by Chief Justice Wallin, which was concurred in by all his associates, it is held that the trial court, upon a motion to vacate, may, in lieu of an answer, in its discretion, accept an affidavit of merits which shows that the defendant has a valid defense on the merits to the action. The court holds that such an affidavit is a substantial compliance with the rule requiring defenses on the merits to be shown. In Marin v. Potter, 15 N. D. 284, 107 N. W. 970, this court held that a mere general statement in the affidavit that the summons and complaint were not personally served on him is not sufficient to overcome the proof of service afforded by an affidavit of service in legal form. In other words, the affidavit must state facts rather than conclusions. In Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228, this matter was again before this court upon an appeal from Stark county. In that case the former decisions of the court are reviewed by Justice Goss and it is stated that the proper procedure under § 7483 is by motion to vacate the judgment based on an affidavit of merits and a proposed verified answer; it is further held that on such an application the affidavit of merits cannot be controverted except as to matters therein stated other than those which constitute the merits of the proposed defense; and that the judgment of the trial court upon application to vacate will not be reversed except in case of manifest abuse of discretion. In Bismarck Grocery Co. v. Yeager, 21 N. D. 547, 131 N. W. 517, this court again considered procedure under § 7483. It was there held, in substance, in an opinion written by Justice Burke, that where the affidavit of merits disclosed all of the facts constituting the defendant's defense, it was not necessary in addition thereto that the defendant should allege that these facts had been submitted to an attorney who had advised the affiant that they constituted a meritorious defense. The court expressly holds that there are two forms of affidavits of merits recognized by the courts—one where all the facts are set out for the inspection of the court,

and the other where the affiant states that he has submitted all the facts to his attorney and has been advised by him that his defense is meritorious. Either form of affidavit is held to be sufficient in North Dakota.

In Getchell v. Great Northern R. Co. 24 N. D. 487, 140 N. W. 109, this court had under consideration the sufficiency of an affidavit of merits made by the attorney for the defendant. In that case the affidavit of merits stated that the defendant had submitted to the attorney who had made the affidavit the claim papers and investigation of the claim department in reference to this action, and that he, the affiant, had advised the defendant that it was not liable for the damages demanded in the complaint. The court held this affidavit insufficient as not based on the personal knowledge of the attorney and merely hearsay.

This brings us to a consideration of the case of Harris v. Hessin, 32 N. D. 25, 155 N. W. 41. In this case application was made to the county court of Ward county to open a judgment entered against the appellant by default. The defendant had answered, and when the application to vacate was made, this answer was on file and the case was at issue. It was contended that, inasmuch as the defendant did not support his motion to vacate the judgment with an affidavit of merits, the trial court correctly refused to grant the motion. Speaking on this point, this court, in reversing the trial court, says:

"There is no question of sufficiency of an affidavit of merits involved. The case was previously at issue on the merits and no affidavit of merits was therefore necessary. All that was incumbent upon the defendant was to excuse by affidavit or otherwise the default, if any, in appearance at the trial."

No authorities are cited in support of this conclusion. It would seem to be contrary to the dictum of Justice Corliss in Sargent v. Kindred, supra, which dictum was approved and accepted in general terms as the law in this jurisdiction, in Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252. This case, therefore, settles the law in this state to be that, when a verified answer is on file, which, on its face discloses a defense on the merits, and the case is at issue, no affidavit of merits is necessary, and the answer may be accepted in lieu thereof. In Wheeler v. Castor, supra, it wil be noted that the converse of this proposition had been held, to wit: That the court, in lieu of an answer, might accept an affidavit of merits.

This question was again before the court in Peterson v. Finnegan, 45 N. D. 101, 176 N. W. 734, where an answer, verified on information and belief by the attorney, but not accompanied by an affidavit of merits, was used in support of the motion to vacate a judgment. The case had been at issue before the default. The court held in this case, in an opinion written by Justice Grace, that no affidavit of merits was neces- sary. In a specially concurring opinion, Chief Justice Christianson calls attention to the case of Harris v. Hessin, supra, in support of this holding. The supreme court of California in Reher v. Reed, 166 Cal. 525, 137 Pac. 263, Ann. Cas. 1915C, 737, and in Savage v. Smith, 170 Cal. 472, 150 Pac. 353, arrives at the same conclusion and holds that an affidavit of merits in support of a motion to vacate is not necessary where at the time a verified answer stating a good defense on the merits is on file.

It follows, therefore, in the case at bar, a verified answer having been interposed before the default occurred, and the case having been at issue upon an answer which set up matter which, if proved, would have resulted in a judgment for the defendant, an affidavit of merits was not necessary in support of the motion to vacate the judgment. This brings us to a consideration of the only remaining question in the case, namely, whether, on the merits, the trial court abused its discretion in refusing to grant the motion to vacate the judgment. The affidavit of C. A. Robbins is brief and alleges, in substance, that he supplied medicines and treatment for George W. Getts between the 8th and 15th days of July, both dates inclusive. The affiant does not state the nature of de- fendant's illness. The affidavit of H. B. Johnson alleges that he is the foreman of the company of which George W. Getts was manager and that from July 8th to July 15th George W. Getts was sick and under treatment and unable to leave the camp. The nature of the sickness is not given. The affidavit of Ralph Eaton alleges that he is foreman and general superintendent of the company managed by George W. Getts, and is in other respects the same as the affidavit of H. B. Johnson as to the sickness of Mr. Getts. The affidavit of Mr. Libby alleges, in gen- eral, attempts to reach the defendant and to produce him at the trial, and further states that the defendant Getts gave affiant a statement of the facts relating to and connected with the defendant's transaction with the plaintiff, and that from the statement thus given, the affiant

prepared the answer which was interposed in the action. The affidavit of Mr. Getts is also in the record, in which he alleges that from July 8 to July 16 he was ill and under treatment of a physician and was unable to travel. He further alleges that he could not be reached by telegraph and that the telegram sent by his attorney, regarding the trial of his case was not delivered, but was held at the nearest railroad station, at Tekoa, Washington, and was not received by the affiant until after he had recovered from his illness and came to town, too late to permit his attendance at the trial. It appears from the affidavits that the defendant Getts was in a lumber camp in the state of Idaho and that this camp was 20 miles from a town. Mr. Getts does not state the nature of his illness.

. The record shows that the calendar was called on or about June 6 and the case was set for trial for June 23, 1922. There is nothing in the record to show that the defendant Getts was not informed of the date of trial in time to reach Grand Forks on June 23, nor, if he was not so informed, is there any excuse or explanation offered why he was not so informed; there is nothing in the record to show that he was not so informed before his illness on July 8, unless it be his own affidavit, in which he says, as heretofore indicated in substance, that the telegram sent by his attorney regarding the trial of the case was not delivered in time. The affidavit of Mr. Libby, with reference to the telegram, shows that one telegram was sent on July 11 and it would seem from the affidavit of Mr. Getts that this is the telegram to which he refers as having been received by him after his sickness, and when he came to town. Whether or not he received any letters or telegrams with reference to the date of the trial, sent him in June, he does not say, and if such telegrams or letters were sent him and received by him, no explanation, whatever, is made why he was not on hand on June 23 or at a subsequent date prior to July 8. Neither does his counsel say that he notified defendant in June, or, if such notice was given, why defendant failed to appear before July 1, 1922. These omissions are very significant.

The defendant and appellant contends that the court erred in making an order denying his motion to vacate and set aside the judgment in this case. Such applications are addressed largely to the discretion of the trial court, and nothing but palpable abuse of discretion in granting or

refusing such an application would justify this court in interfering with the action of the court below. In the case at bar, the undisputed facts, as they appear in the affidavits of the appellant, tend rather to negative than affirm the claim of the appellant that his neglect in suffering judgment to be entered against him was the result of excusable neglect. We find nothing in the record that would justify this court in holding as a matter of law that the trial court abused its discretion in refusing to vacate and set aside the judgment in this case.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.