JULIA MADDEN, Plaintiff and Respondent, v. HARRY DUNBAR, et al., Defendants, HARRY DUNBAR, Defendant and Appellant.

(201 N. W. 991.)

**Judgment — affidavit of merit not necessary to vacate default judgment, where verified answer filed before default discloses defense on merits.**

1. Where a motion is made by the defendant to vacate a default judgment upon the ground of excusable neglect, and where at the time the judgment was

entered an answer, verified by the attorney for the defendant on information and belief, was on file and the case was at issue, and such answer disclosed a defense on the merits, it is held that no affidavit of merits is necessary, following Harris v. Hessin, 32 N. D. 25, 155 N. W. 41; Peterson v. Finnegan, 45 N. D. 101, 176 N. W. 734, and Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765.

**Appeal and error — judgment — trial court's refusal to grant motion to vacate judgment not reversible, except for manifest abuse of discretion; trial court held not to have abused discretion in refusing to vacate default judgment.**

2. The action of the trial court in refusing to grant a motion to vacate a judgment under § 7483, Comp. Laws, 1913, will not be reversed by this Court except for manifest abuse of discretion.' For reasons stated in the opinion, it is held that the trial court did not abuse its discretion in refusing to grant the motion of the defendant to vacate the judgment.

Opinion filed December 29, 1924.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33. Judgment, 34 C. J. § 515 p. 296 n. 6; § 553 p. 340 n. 21; § 677 p. 429 n. 79.

Appeal from the District Court of Burleigh County, *Coffey, J.*

From an order denying a motion to vacate and set aside a default judgment in favor of the plaintiff, the defendant, Harry Dunbar, appeals.

Affirmed.

*Lemke & Weaver,* for appellant.

If, however, the case is set or called for trial, without giving defendant the notice required by statute, rule of court or previous agreement of the parties, a judgment taken by default, will be set aside. 23 Cyc. p. 744.

The exercise of the court's discretion on such an application should tend, in a reasonable degree, to bring about a trial on the merits. Racine Satterly Mfg. Co. v. Paulicek, 21 N. D. 222, and cases cited therein; State Bank v. Krenclka, 23 N. D. 568.

The provisions of this statute are exceedingly liberal in their terms, remedial in their character, and were evidently designed to afford parties a simple, speedy and efficient relief in a most worthy class of

Note.— (2) Interference by appellate court with discretion of trial court as to opening default, see 2 R. C. L. 215; 1 R. C. L. Supp. 451.

cases. The power thus conferred upon courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect, should be exercised by them in the most liberal spirit, in which the section was designed in furtherance of justice, and in order that cases may be tried and disposed of upon their merits. Griswold Linseed Oil Co. v. Lee, 47 N. W. 955.

*F. E. McCurdy*, for respondent.

Per Curiam. This is an appeal by the defendant, Harry Dunbar, from an order of the district court of Burleigh County, denying his motion to vacate and set aside a judgment entered by default in favor of the plaintiff on January 26th, 1924.

This case was upon the calendar for trial at the regular, December, 1923, Term of the district court of Burleigh County. The defendant, Harry Dunbar, did not appear at the trial either in person or by counsel. The plaintiff in the action is seeking to recover damages for the conversion of a certain Cadillac car owned by her. The case was at issue and the defendant's answer was a general denial, except for certain admissions. The answer was verified by the attorney for the defendant upon information and belief.

The motion to open up the judgment is made under the provisions of § 7483 of the Compiled Laws of 1913, and is based upon the grounds of mistake, inadvertence and excusable neglect. The defendant failed to file with his moving papers an affidavit of merits and failed to incorporate in his general affidavit any of the necessary allegations usually contained in an affidavit of merits. The defendant's counsel in support of his motion submitted the following affidavit.

State of North Dakota, ⎱
County of Cass　　　 ⎰

William Lemke, being first duly sworn says that he is the attorney for the defendant Harry Dunbar in the above entitled action, and that on or about the 15th day of November, 1923, Harry Dunbar mailed to affiant the summons and complaint in the above entitled action, which owing to a slight error in the address did not reach affiant until about the 25th day of November, 1923. That on the 26th day of November, 1923, affiant mailed an answer to the complaint by the defendant Harry Dunbar, to F. E. McCurdy, at Bismarck, attorney

for plaintiff, which answer is hereto attached and marked exhibit "A". and made a part of this affidavit. Affiant at the same time enclosed a letter to said F. E. McCurdy, a duplicate original of which is hereto attached and marked exhibit "B" and made a part hereof. Affiant states further that on the 29th day of November, 1923, he received a letter through the mails from said F. E. McCurdy, refusing to admit service upon said answer for the reasons stated in the letter which is hereto attached and marked exhibit "C" and made a part hereof, and in the same envelope was returned to affiant the answer without admission of service. Affiant states further that in accordance with the request made in said letter, exhibit "C", he drew up and signed a stipulation that the above entitled action be placed upon the calendar of the district court of the aforesaid county, at the December, 1923 term of court, and mailed same together with the answer and a letter to F. E. McCurdy, attorney for plaintiff, on December 3rd, 1923, which stipulation is marked exhibit "D" and which letter is marked Exhibit "E", said letter being a duplicate original, which letter and stipulation are hereto attached and made part hereof, and that said affiant signed said stipulation on December 4th, and admitted service on the answer as of the 8th day of December, 1923, as appears upon the covering of the answer, exhibit "A". Affiant states further that the said F. E. McCurdy, on December 8th, 1923, addressed a letter to affiant which was received by affiant through the mails on December 9th, which exhibit is marked Exhibit "F" and hereto attached and made a part hereof, and in the same envelope and at the same time affiant received the answer, Exhibit "A" and the stipulation exhibit "D", with service admitted upon the answer and stipulation signed as aforesaid.

Affiant states further that he was at all times ready and willing to comply with said stipulation and to have the said case tried during the December term of court, and relying upon said letter, exhibit "F," expected the case to be tried at the latter part of the term of court, or at the convenience of F. E. McCurdy, attorney for plaintiff, and that affiant made arrangements at his office that if at any time word was received that the said case was ready for trial that he was to be promptly notified. Affiant states further that he was in the city of Fargo all of the week beginning with January 20th and end-

ing with January 26th, 1924, and that he was not notified, either by the clerk of court, or by counsel for the plaintiff, or by anyone else that this case was to be called for trial during that week, nor did he have any notice directly or indirectly that the case had been called for trial, until on January 27th, he received a letter from said F. E. McCurdy, enclosing a notice of entry of judgment and retaxation of costs, which letter is marked exhibit "G" and made a part hereof, and affiant states that this was the first information he had that this case was brought on for trial and disposed of.

Affiant states further that he has a large number of cases pending and has had a large number of cases in different counties of the state, and without a single exception, save in the present instance, the clerk of court, or counsel on the other side, or the court itself, has called affiant and informed him when a case was about to be reached for trial, and affiant knows that this is the general custom, if not the duty of the clerk of court, and in fact necessary in order for counsel to know when cases are to be reached, and this is especially true when counsel is not a resident of the county in which the case is being tried, and that it is a physical impossibility for counsel to be present in the courts in the different counties at the same time waiting for the cases in which he is interested to be reached, as well as a useless expense that would be ruinous to litigants.

(Signed) Wm. Lemke.

Exhibit "B", the letter mentioned in the above affidavit, reads as follows:

Nov. 26, 1923.

Mr. F. W. McCurdy,
Bismarck, N. D.
Dear Mr. McCurdy:

Enclosed please find answer for Harry Dunbar in the case of Julia Madden vs. Harry Dunbar et al. This complaint was forwarded to me and just received and I have gotten the answer up hurriedly and may want to amend it a little later.

Yours very truly,

Exhibit "C", a letter mentioned in the affidavit, reads as follows:

November 28, 1923.

Attorney William Lemke,

Fargo, N. Dak.

Dear Sir:

I am returning the Dunbar answer for the reason that Dunbar is in default. I had service made early enough so that if answers were served the case would be placed on the calendar for trial at the December term which convenes December 4th. The other defendants have all answered or demurred and I want to get this on for trial at this term and for that reason I return the answer and copy.

However, I never stick on technicalities and will gladly admit service of the answer or any amended answer you may send me if you will stipulate that the case may go on the calendar for trial at this December term of court.

I have noticed up the other defendants for trial and you know it makes it bad if a case is tried piecemeal.

Yours very truly,

. (Signed) F. E. McCurdy.

See form I prepared, Weaver.

Exhibit "E" mentioned in the affidavit reads as follows:

Dec. 3, 1923.

Mr. F. E. McCurdy,
Bismarck, N. Dak.
Dear Sir:—

Received your letter returning answer in the case of Julia Madden vs. Dunbar et al. I am returning the same to you with the stipulation that same will be placed upon the December calendar. All I ask is that this case be put on at the latter part of the term, so that I can take the depositions of Dunbar, which I will proceed to do immediately when you have admitted service.

WL:T·                                         Yours very truly,

Exhibit "F" mentioned in the affidavit, reads as follows:

Dec. 8, 1923.

Atty. William Lemke,
Fargo, N. D.
Dear Sir:—

I have your letter of the 3rd relative to the Dunbar case and I have admitted service and signed the stipulation and return copy of the stipulation and the original answer. I am filing the stipulation. It will be necessary also for me to have this placed at the end of the calendar for the reason that Mrs. Madden the plaintiff is a resident of South Dakota and also the State Department have demurred so that it will be the latter part of the term before the issues are thoroughly joined.

Yours very truly,
(Signed) F. E. McCurdy.

FEM/LH

In view of the fact that this court has heretofore held in the case of Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765, that "Where a motion is made by the defendant to vacate a default judgment upon the ground of excusable neglect, and where at the time the judgment was entered an answer, verified by the attorney for the defendant on information and belief, was on file, and the case was at issue, and such answer disclosed a defense on its merits, it is held that no affidavit of merits is necessary." We follow the holding. of the Court upon such question.

It is elementary that applications like the one under consideration here are addressed to the sound judicial discretion of the trial court and that this court will not interfere with the trial court's ruling unless a manifest abuse of discretion appears. In this case, the trial court, after full and fair consideration of the application of the defendant determined that this application should be denied, and, in our opinion, the showing made is not such as to justify this court in saying that the trial court abused his discretion in ruling as he did. Therefore, the order of the trial court denying the motion to vacate

and set aside the judgment is hereby affirmed, with costs to the plaintiff.

Bronson, Ch. J., and Christianson and Birdzell, JJ., and Berry, and Jansonius, Dist. JJ., concur.

Nuessle and Johnson, JJ., disqualified, did not participate, Berry and Jansonius, District Judges, sitting in their stead.