ANTON YESEL, by His Guardian, ad Litem, S. E. Klein, Respondent, v. GEORGE WATSON and State Bonding Fund of the State of North Dakota, Appellants.

(216 N. W. 199.)

**Judgment — refusal to vacate default judgment taken through mistake, etc., held error.**

1. In the instant case it is *held* for reasons stated in the opinion that a default judgment was taken against the defendants through mistake, inadvertence or excusable neglect, and that their application for a vacation of such judgment, seasonably made, should be granted.

**Judgment — when affidavit of merits to vacate is not necessary.**

2. Following Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, it is *held:* Where a motion is made by a defendant to vacate a default judgment (under § 7483, Comp. Laws 1913) on the ground of mistake, inadvertence, surprise or excusable neglect; and where at the time such judgment was rendered the case was at issue upon a duly verified answer setting forth a defense on the merits, an affidavit of merits is not an indispensable requirement upon the motion to vacate the judgment.

Opinion filed November 4, 1927. Rehearing denied November 26, 1927.

Judgments, 34 C. J. § 524 p 305 n 69; § 553 p. 340 n. 21.

Appeal from the District Court of Ward County, *Lowe,* J.

Annotation.—(1) As to reliance upon clerk or judge for information as to time of trial or hearing as grounds for relief from judgment, see annotation in L.R.A. 1917C, 1193; 15 R. C. L. 709; 3 R. C. L. Supp. 488; 6 R. C. L. Supp. 928.

Defendants appeal from an order denying an application to vacate a default judgment.

Reversed.

*Robert H. Bosard, Senn & Casey,* and *Crum & Crum,* for appellants.

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

CHRISTIANSON, J.   The defendants appeal from an order denying their application to vacate a default judgment.   The pertinent facts are: this action was brought in September, 1926, to recover damages for false imprisonment.   The complaint alleges that the defendant, George Watson, during the times in question, was the duly elected and acting sheriff of Pierce county, in this state, and that the defendant, State Bonding Fund of North Dakota, was the surety on his official bond.   The complaint further alleges that in March, 1926, the said defendant, Watson, wrongfully and unlawfully arrested and imprisoned said plaintiff, Anton Yesel; that during the course of such arrest and imprisonment, said Watson wrongfully, unlawfully and maliciously assaulted said Yesel with a dangerous weapon, and that as a consequence of all of such acts the plaintiff sustained damages in the sum of $10,000.   The complaint also alleges that claims for such damages were presented to the State Bonding Fund.   The complaint was verified by one of plaintiff's attorneys. Both the defendants duly appeared and interposed answers, duly verified by their respective attorneys.   The answers by appropriate denials and averments put in issue all the allegations of the complaint charging false imprisonment or any other wrongful act on the part of Watson.   Plaintiff's attorneys reside in Minot, North Dakota.   Watson's attorneys reside at Rugby, North Dakota, and the attorneys for the State Bonding Fund are located at Bismarck, North Dakota.   In due time plaintiff's attorneys prepared notice of trial and note of issue, and mailed the same to Watson's attorneys, requesting that they admit service thereon and return the same.   Watson's attorneys admitted service on such notice on December 9, 1926.   Apparently there was some delay in the return of the notice, for plaintiff's attorneys wrote Watson's attorneys, making inquiry regarding the matter.   Watson's attorneys replied (by note at the bottom of the letter) to the effect

that they had admitted service on the notice of trial, and returned it, and suggested that if it had not been received it might have been lost in the mails. The notice was later received by plaintiff's attorneys, and the senior member of the firm mailed it to the clerk of the district court, by whom it was received and filed on December 15, 1926. There was no acknowledgment to Watson's attorneys of the receipt of the notice of trial or of the letter advising plaintiff's attorneys that such notice of trial with admission of service had been mailed to them. But, on or about January 1, 1927, Watson's attorneys received from the clerk of the district court of Ward county, a copy of the calendar for the January, 1927 term, and the above entitled action appeared near the foot of the calendar, being case No. 61 thereon. Said calen-dar showed that certain cases had been set for trial on the third, fourth, fifth, sixth and seventh of January; but the above entitled action was not among the cases so set. Later plaintiff's attorneys prepared an-other notice of trial in the action and caused the same to be served upon Watson's attorneys on January 5, 1927. The notice was in the usual form and shows that it was prepared and intended to be served in January 1927. It recites that the issues joined in the action will be brought on for trial at the next term of the district court in and for Ward county (which would be the February 1927 term). See § 7, rules of practice of the district court. Watson's attorneys assert that the serving of this second notice of trial led them to believe that the case had not been noticed for trial at the January term and that the second notice of trial was served so as to place the case upon the February term of said district court. It appears from the affidavits submitted that one of Watson's attorneys was in Minot on legal busi-ness on January 15, 1927 and that at that time he was informed by the state's attorney of Ward county that the jury in attendance at the January term had been dismissed; and from this information, said Watson's attorney inferred that no further jury cases would be tried at that term. It appears, however, that sometime during January the above entitled action was placed upon the peremptory calendar, for trial on January 21, 1927. It is undisputed that a custom prevailed whereby the clerk of said district court notified all attorneys residing out of the city, whose cases were set for trial for a day certain. And, according to the affidavit of the clerk of said district court, she directed

her deputy to notify the attorneys of the defendant Watson that the above entitled action had been set for trial on January 21, 1927, but that her directions were overlooked and no notice was sent. It further appears that on January 21, 1926, Hon L. J. Palda, Jr., a member of the Bar of the city of Minot, was in attendance upon the district court in Pierce county and that he then informed Watson, who as sheriff of Pierce county, was in attendance at such court, that he (Palda), believed that a case to which Watson was a party was set for trial in Minot on that day. Up to that time Watson had had no notice or knowledge that the action had been noticed for trial at all, and he forthwith communicated to his attorneys the information which he had received from Palda; and one of Watson's attorneys forthwith called the clerk of the district court of Ward county on the long distance telephone to ascertain the status of the case and was informed that the case had just been tried that day and that judgment by default had been rendered. Shortly thereafter defendants made application for vacation of the judgment.

Many affidavits were submitted upon the hearing of such application, both on the part of the defendants and on the part of the plaintiffs. On some features of the case there is a conflict. These facts, however, are undisputed: that Watson's attorneys admitted service upon a notice of trial on December 9, 1926 and returned the same to plaintiff's attorneys, and that this notice of trial was filed in the office of the clerk of the district court on December 15, 1926; that after Watson's attorneys had admitted service upon such notice of trial and deposited the same in the postoffice for transmission to plaintiff's attorney, Watson's attorneys received an inquiry from plaintiff's attorneys regarding such notice of trial; and that Watson's attorneys thereupon replied that notice of trial with service admitted had been forwarded to plaintiff's attorney and that if they had not then received it, the letter transmitting it must have been lost in the mails; that Watson's attorneys were given no further information as to whether such notice of trial had or had not been received by plaintiff's attorney; that on or about January 1, 1927, Watson's attorneys received a calendar from the clerk of Ward county which showed that a number of cases had been set for trial on the third, fourth, fifth, sixth and seventh days of January, and that the above entitled action was not

among the cases so set for trial although it appeared upon and near the foot of the January 1927 calendar, being case No. 61 upon such calendar; that some four days thereafter, to-wit; on January 5, 1927, Watson's attorneys were formally served with another notice of trial duly signed by plaintiff's attorneys and noticing the case for trial at the February 1927 term. We are of the opinion that these facts clearly establish that the default judgment was taken through the mistake, inadvertence or excusable neglect of Watson and his attorneys. It seems to us that Watson's attorneys were perfectly justified in believing that the case had not been properly noticed for trial at the January term. Certainly there was no reason for serving a notice of trial to place the case upon the February 1927 term, if, in fact, it had been placed upon the January term. Upon the oral argument in this court it was stated by plaintiff's attorneys that the service of the second notice of the trial occurred in this manner: the firm of attorneys representing the plaintiff consists of two members. The junior member prepared and sent the first notice of trial to the attorneys for the defendant Watson with the request that they admit service thereon. The letter containing the notice of·trial with service admitted was received by the senior member of the firm who caused the same to be filed with the district clerk of Ward county. The junior member of the firm was not aware that the notice of trial had been so filed, and he assumed that the case had not been noticed for trial at the January term and so he prepared another notice of trial to place the same upon the February 1927 term, and sent the same to an attorney in Rugby, North Dakota with directions to serve the same upon Watson's attorneys. The second notice was served on January 5, 1927. In other words, the record together with the explanations so made, clearly shows that there was no intention on the part of plaintiff's attorneys to deceive the attorneys of the defendant, but that each member of the plaintiff's firm acted in good faith. Their good faith, however, did not preclude Watson's attorneys from being misled by the service of the second notice of trial. If plaintiff's attorney (who resided in Minot, where the office of the clerk of the district court of Ward county was located), in January, 1927, was of the good faith belief that the case had not been properly noticed for trial at the January term; and in such good faith belief prepared and caused to be served a notice of

trial placing the case upon the February term for trial, why did not the service of such notice justify. Watson's attorneys in concluding that the case had not been noticed for trial at the January term? It seems to us, in view of all the circumstances, that Watson's attorneys were entirely justified in so concluding.

It is contended, however, that the motion to vacate the judgment was properly denied because the application was not supported by an affidavit of merits. This point is not well taken. The rule is definitely established in this state "that when a verified answer is on file, which on its face discloses a defense on the merits, and the case is at issue, no affidavit of merits is necessary, and the answer may be accepted in lieu thereof." Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765.

It follows from what has been said that the order appealed from must be reversed and the case remanded with directions to enter an order vacating the judgment. It is so ordered.

BIRDZELL, Ch. J., and BURKE, BURR, and NUESSLE, JJ., concur.